JANCA ET AL., APPELLANTS, *v.* FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, APPELLEE.

(No. 48272—Decided January 22, 1985.)

*Brent L. English,* for appellants.
*Charles Ipavec,* for appellee.

JACKSON, J. Appellants appeal from a decision of the Court of Common Pleas of Cuyahoga County dismissing their claim against appellee, First Federal Savings and Loan Association of Cleveland ("First Federal").

Richard and Nancy Csongei decided to sell their apartment building in Lakewood, Ohio; they listed with D. J. Caldwell Realty, Inc. Appellants George and Marilyn Janca decided to buy the building. The real estate agent for the transaction was Isabelle Burnside, an employee of D. J. Caldwell Realty.

A form purchase agreement was completed by the parties which designated D. J. Caldwell Realty as the escrow agent. The purchase agreement provided that "Seller shall furnish any occupancy permits required by law"; moreover, the following handwritten words were inscribed above the signatures: "Seller to furnish occupancy permit with no violations." The agreement was signed by the purchasers, George and Marilyn Janca, the sellers, Richard and Nancy Csongei, and Isabelle Burnside, real estate agent for D. J. Caldwell Realty.

Subsequently, the parties to the sale decided to use appellee First Federal as the escrow agent rather than Caldwell Realty. A separate form contract was executed by the Jancas, the Csongeis, and D. A. Lasardo for appellee bank. The appellee's escrow agreement form,

unlike the purchase agreement, disclosed no reference to occupancy permits, and there were no handwritten instructions regarding occupancy permits on the escrow agreement. However, the appellee also was provided with a copy of the purchase agreement.

After the sale was consummated, appellants discovered that several housing code violations existed in their newly acquired apartment building, requiring rather extensive repairs. No occupancy permit was ever produced.

Appellants then brought suit against the sellers, appellee bank, Isabelle Burnside, and D. J. Caldwell Realty.[1]

Appellants alleged in paragraph sixteen of their complaint that:

"Defendant First Federal Savings & Loan Association of Cleveland, as escrow agent for the sale of the apartment building, was obligated to take any and all activities necessary to oversee that Plaintiffs received an Occupancy Permit issued by the City of Lakewood, as part of the documentation necessary to close the transaction. Defendant First Federal Savings & Loan Association of Cleveland failed to obtain and/or require Defendants Richard Csongei and Nancy Csongei to supply said Occupany [sic] Permit as required."

Appellants attached a copy of the purchase agreement to their complaint.

Appellee denied liability in its answer, and appended a copy of the escrow agreement.

Appellee than moved for judgment on the pleadings under Civ. R. 12(C). Appellants responded with a brief in opposition, accompanied by affidavits and other exhibits. The trial court acquiesced in the appellants' treatment of the motion (appellants responded as if a Civ. R. 56 motion had been filed), and granted summary judgment in favor of

appellee. The Jancas appeal from that decision.

## I

On appeal, appellants submit the following two assignments of error:

"1. The trial court committed reversible error by granting a motion for judgment on the pleadings where there were material issues of fact in dispute about Appellee's compliance with Appellants' instructions for completing an escrow in a real estate transaction.

"2. The trial court erred by concluding that an escrow agent is bound only by its own pre-printed escrow instructions and thus entitled to a summary judgment despite unrebutted evidence that the buyers of real property specifically inquired to ensure that a critical condition in a purchase agreement had been complied with by the sellers, that the escrow agent had attempted to comply with other aspects of the purchase agreement which were not enumerated in its standard instructions, and despite ambiguities in the escrow instructions from which a reasonable jury could determine that the escrow agent had a duty to require the seller to comply with the purchase agreement before closing the transaction."

The assigned errors will be considered together.

## A

Initially, this court notes with disapproval the willingness of the trial court to treat a motion for judgment on the pleadings as if it were a motion for summary judgment. Of the former, the Ohio Supreme Court has said:

"* * * Civ. R. 12(C) is a continuation of the former statutory practice and presents only questions of law, and determination of the motion for judg-

---

[1] The related claims were disposed of as follows: Richard Csongei declared bankruptcy; the claim against Nancy Csongei was settled; the case against Isabelle Burnside and D. J. Caldwell Realty resulted in a $48,500 judgment in favor of the Jancas.

ment on the pleadings is restricted solely to the allegations in the pleadings. *Conant* v. *Johnson* (1964), 1 Ohio App. 2d 133 [30 O.O.2d 157]." *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 166 [63 O.O.2d 262].

See, also, *Baez* v. *Aetna Life & Cas. Co.* (Dec. 4, 1980), Cuyahoga App. No. 42173, unreported, at fn. 4:

"In deciding a Rule 12(C) motion for judgment on the pleadings the court may not review anything but pleadings, and may not consider papers attached to a motion for summary judgment, or papers filed in opposition to a motion for summary judgment."

The case at bar is not a case in which the movant merely misdesignated his own motion. This motion was converted into a Civ. R. 56 motion by the inappropriate response of the non-movants. Nevertheless, neither side has objected to the trial court's action in this regard, and we are persuaded that it is not crucial to the resolution of this appeal.

### B

The appellants' claim against appellee asserts that appellee, in its capacity as escrow agent, failed to ensure that a proper occupancy permit was secured prior to the passing of title, and thereby breached its duty to them. For purposes of its motion, appellee admitted that no occupancy permit was obtained; however, appellee contends that it owed no duty to the purchasers regarding occupancy permits.

An explanation of an escrow agreement contained in a recent decision by this court has relevance to this issue:

"An escrow is a matter of agreement between parties, usually evidenced by a writing placed with a third-party depositary providing certain terms and conditions the parties intend to be fulfilled prior to the termination of the escrow.

"* * *

"Escrow is controlled by the escrow

agreement, placing the deposit beyond the control of the depositor and earmarking the funds to be held in a trust-like arrangement." *Pippin* v. *Kern-Ward Bldg. Co.* (1982), 8 Ohio App. 3d 196, 198.

In the instant case an escrow agreement was executed and signed by the Jancas and the Csongeis, and by a representative of the appellee. It did not include any reference to occupancy permits. Therefore, appellee had no duty under the escrow agreement to ensure that an occupancy permit was obtained.

### C

Appellants advance several theories in an effort to hold appellee liable notwithstanding the fact that appellee is not liable under the escrow agreement.

First, appellants contend that the purchase agreement between the sellers, appellants, and D. J. Caldwell Realty must be construed as part of the escrow agreement.[2] However, neither agreement refers to the other. In addition, the purchase agreement under which appellants seek to hold appellee liable was never signed by any representative of appellee bank, and in fact makes absolutely no reference to the appellee. Naturally, the purchase agreement and the escrow agreement should be consistent; when there is a conflict between the two instruments, however, the escrow instructions control. See Kratovil, Real Estate Law (6 Ed. 1974), Section 255.

Second, appellants argue that the escrow agreement is inherently ambiguous, and must be construed against appellee, the drafter of the document. This court's examination of the document discloses no such ambiguity.

Third, appellants state that the escrow agreement did not convey the

---

[2] The purchase agreement form does provide that it "may be used as escrow instructions," but in this case it was not so used.

meaning of the parties' understanding. However, since the contract is unambiguous, further explication of its meaning is barred by the parol evidence rule. See *Pippin, supra,* at 199.

Finally, appellants rely on the affidavit of appellant Marilyn Janca, which states that Mrs. Janca telephoned Mr. Lasardo at the appellee's offices prior to the closing of the transaction and was assured by him that the appellee was in possession of the occupancy permit. Even taking the allegations of the affidavit as true, however, it does not alter the question at issue here, *i.e.,* whether the appellee had a duty to obtain the permit. It is argued by the appellants that this evidence would support a finding of fraud or mistake. But neither fraud nor mistake was pleaded. See Civ. R. 9(B).

The appellants have not cited a case to this court holding that a purchase agreement is always incorporated into escrow instructions. Without an established rule of law to that effect, this court cannot sustain appellants' contention.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PARRINO, J., concurs.

CORRIGAN, C.J., concurs in judgment only.