**SHEPHERD, Admr.,**

**Appellant,**

v.

**UNITED PARCEL SERVICE et al., Appellees.**

[Cite as *Shepherd v. United Parcel Serv.* (1992), 84 Ohio App.3d 634.]

Court of Appeals of Ohio,
Scioto County.

No. 91 CA 1968.

Decided May 21, 1992.

*Waite, Schneider, Bayless & Chesley Co., L.P.A.,* and *D. Arthur Rabourn,* for appellant.

*Campbell, Woods, Bagley, Emerson, McNeer & Herndon* and *Christopher A. Conley,* for appellee United Parcel Service.

*Bannon, Howland & Dever* and *Robert E. Dever,* for appellee Portsmouth Area Growth Foundation, Inc.

PETER B. ABELE, Judge.

This is an appeal from two summary judgments entered by the Scioto County Common Pleas Court in an action filed by Roby Shepherd, plaintiff below and appellant herein, as administrator of the estate of Philip Cary Shepherd, deceased. The November 24, 1987 judgment granted a motion for summary judgment filed by United Parcel Service ("UPS"), defendant below and appellee herein. The January 28, 1991 judgment granted a motion for summary judgment filed by the Portsmouth Area Growth Foundation ("PAGF"), defendant below and appellee herein.

Appellant failed to include a statement of assignments of error in his brief as required by App.R. 16(A)(2).[1] App.R. 12(A) requires us to determine appeals

---

1. App.R. 16(A)(2) states:
  "(A) Brief of the appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
  " * * *
  "(2) A statement of the assignments of error presented for review."

"on the assignments of error set forth in the briefs as required by Rule 16," on the record, and on the oral arguments. We cannot properly determine an appeal where the appellant has failed to state assignments of error.

In the interest of justice, however, we will determine this appeal on the following two assignments of error which appellant listed in his App.R. 9(B) statement as the assignments of error he intended to present on appeal:

First Assignment of Error:

"The trial court errored [*sic*] in granting the defendant, Portsmouth Area Growth Foundation, Inc.'s motion for summary judgment pursuant to Ohio Civil Rule 56 inasmuch as there were genuine issues of material fact that should have been first tried to a jury."

"Second Assignment of Error:

"The trial court errored [*sic*] in granting the defendant, United Parcel Service's motion for summary judgment pursuant to Ohio Civil Rule 56 inasmuch as there were geniuine [*sic*] issues of material fact that should have been first tried to a jury."

Philip Cary Shepherd died on April 12, 1985 after driving his Chevrolet truck into the path of a train crossing Gingersnap Road. Gingersnap Road is the sole road leading into the UPS shipping facility and several other industrial lots. At the time of the incident, Shepherd was on his way to work at the UPS shipping facility.

Shepherd's father, appellant herein, brought the instant wrongful death action as the administrator of Shepherd's estate. The complaint, filed on April 1, 1987, named as defendants UPS, PAGF, the three Scioto County Commissioners, the Scioto County Board of Commissioners, the three Clay Township Trustees, and the Clay Township Board of Trustees.[2]

---

**2.** On April 24, 1987, the individual county commissioner defendants filed a motion to dismiss the action. On September 1, 1987, the court journalized appellant's agreement to dismiss the individual county commissioner defendants and the individual township trustee defendants from the action.

On October 27, 1987, the Scioto County Board of Commissioners filed a motion for summary judgment claiming sovereign immunity. The Clay Township Board of Trustees filed a similar motion on November 9, 1987. After many memoranda and more than one year later, on January 19, 1989, counsel for appellant, for UPS, and for the two boards signed and filed a document entitled "Partial Entry of Dismissal with Express Reservation of Rights."

The document stated that since all claims between appellant and the boards had been settled, appellant and the boards agreed that the claims against the boards "shall be dismissed, with prejudice." We note that although the title of the document describes it as an "entry," the document contained no signature line for the court. No judge signed the document. Accordingly, we find the document is not an entry, but is rather a Civ.R. 41(A)(1) stipulation of dismissal.

At this juncture, we note appellant does not contest the fact that the governmental defendants have all been dismissed from the action. Appellant bases this appeal on his contention that neither UPS nor PAGF should have been dismissed from the action. In his complaint, appellant prayed for $1,400,000 in damages from UPS and PAGF.

The complaint alleged PAGF owned, developed, and maintained the industrial park where the UPS shipping facility is located. The complaint further alleged Gingersnap Road is a private road providing the means of ingress and egress for companies located in the industrial park. The parties sharply dispute a third allegation in the complaint—an allegation that the portion of Gingersnap Road crossing the railroad tracks was owned by PAGF.

On June 22, 1987, PAGF filed a motion for summary judgment explaining PAGF never owned the railroad crossing in question. PAGF submitted documentary evidence in support of its motion for summary judgment. The documentary evidence—an affidavit by PAGF's secretary—stated in full:

"The undersigned, Jack Cawthorne, Secretary of the Portsmouth Area Growth Foundation, Inc., says that the Portsmouth Area Growth Foundation, Inc. did own the real estate located in Clay Township adjacent to the railroad crossing that is the subject of this action. That said real estate was platted and accepted by the public authorities on December 26, 1972. That the Portsmouth Area Growth Foundation, Inc. does not in any way maintain or operate the 'industrial park' as is alleged in the Plaintiff's Complaint and simply owns a small tract in the complex which is not used.

"Further, that the railroad crossing, which is the subject of this action, is outside the ground owned and platted by the Portsmouth Area Growth Foundation, Inc. and is real estate in which they have no interest.

"Further affiant sayeth naught."

Although PAGF supported its motion for summary judgment with documentary evidence, appellant failed to respond to the motion with documentary evidence as required by Civ.R. 56(E). None of the five exhibits appellant attached to his September 28, 1987 memorandum contra the motion for summary judgment fall within the category of documentary evidence a court may consider when ruling on a motion for summary judgment. See Civ.R. 56(C), and discussion, *infra*.

On October 20, 1987, the court issued a finding sustaining PAGF's motion for summary judgment. The court found PAGF never owned or exerted any control over the crossing site. The court journalized its findings on November 24, 1987.

On August 10, 1988, UPS filed a motion for summary judgment with an accompanying memorandum and affidavit. UPS argued, *inter alia*, that (1) UPS is a mere tenant in the industrial park; and (2) the railroad company has

statutory duties to maintain the railroad crossing. The affidavit by UPS's district controller stated an attached lease is the lease covering the UPS shipping facility. The lease provides in pertinent part:

## "ARTICLE 1—PROPERTY LEASED

"Demised Premises. 1.1 Landlord, in consideration of the covenants and conditions herein contained to be performed and complied with by Tenant and the rent herein reserved, does hereby grant, lease and demise unto Tenant, and Tenant hereby hires, rents and takes from Landlord the following premises:

Gingersnap Road

Portsmouth, Ohio

(See Attached Rider)

together with buildings and improvements now existing and under construction in accordance with plans and specifications agreed to by the parties hereto, all easements, rights and privileges appurtenant thereto and all fixtures, building machinery and building equipment supplied by Landlord, all of which are hereinafter referred to as the demised premises or premises."

We note all the above words in the lease were on the printed lease form, except the words "Gingersnap Road, Portsmouth, Ohio (See Attached Rider)" which were typed onto the printed lease form. The attached rider, also typewritten, contained a legal description of the leased property, also known as Lot 2 in the PAGF's industrial park.[3]

On May 5, 1989, appellant filed a memorandum in opposition to UPS's motion for summary judgment. In opposing the motion, appellant relied upon only two items of documentary evidence permitted under Civ.R. 56. Appellant argued the first item of documentary evidence—the affidavit attached to UPS's motion for summary judgment together with the lease attached to the affidavit—proves that UPS not only leased Lot 2 in the PAGF industrial park, but also leased the entire Gingersnap Road.

---

**3.** The rider provided in pertinent part:

"Being Lot No. 2 in the Portsmouth Area Growth Foundation Industrial Park North Subdivision as the same is shown and designated on the duly recorded plat of said subdivision appearing in Volume 6, at Page 40, of the Record of Plats of Scioto County, Ohio, and being more particularly described as follows:

"Commencing at an iron pin at the southeast corner of said subdivision; said corner being in the west right-of-way line of the N. & W.R.R. Co. and the north line of Emma Bierly 141.78 acre tract; thence with the west right-of-way line of the N. & W. R.R. Co. by three (3) courses as follows: * * *."

Appellant relied upon the second item of documentary evidence—a portion of a deposition by UPS's regional safety manager—in an effort to demonstrate UPS knew the railroad crossing was dangerous but expended no funds to improve the railroad crossing. In a footnote to the memorandum, appellant stated he had settled his wrongful death claim against the railroad company.

On September 5, 1989, UPS responded to appellant's memorandum in opposition. UPS argued its lease did not include the entire Gingersnap Road, but only included Lot 2 of the PAGF industrial park. UPS argued the reference to Gingersnap Road in the lease was merely a means of identifying the location of the leased premises. In an affidavit filed with UPS's response, UPS's industrial engineering manager stated "Gingersnap Road is not and has never been within the area leased" by UPS.

On September 26, 1989, appellant filed a memorandum arguing that the affidavit by UPS's industrial engineering manager violates the parol evidence rule. According to appellant, the affidavit seeks to vary, alter, or modify the terms of the written lease. Appellant urged the court to disregard the affidavit, and hold the lease included the entire Gingersnap Road.

UPS filed a notice of substitution of counsel on January 3, 1990. On June 8, 1990, UPS's new counsel filed a supplemental memorandum in support of UPS's motion for summary judgment. The new counsel noted appellant's position that the lease includes the entire Gingersnap Road ignores the finding the court made in the November 24, 1987 summary judgment against PAGF. The court found PAGF "never owned or exerted any control over the crossing site." UPS's new counsel reasoned that because PAGF never owned the site where the railroad crossed Gingersnap Road, PAGF's successor in title could not lease the crossing site to UPS. We note the record contains no documentary evidence to support UPS's assumption that UPS's successor in title did not obtain title to the crossing site from another grantor.

On September 27, 1990, UPS filed a third-party complaint against the railroad company.[4] The third-party complaint prayed for dismissal of appellant's complaint, or, in the alternative, for judgment finding the railroad company liable for any damages assessed against UPS.

On January 28, 1991, the court entered judgment granting UPS's motion for summary judgment and dismissing the complaint. Without elaboration, the court found there was no genuine issue of material fact and UPS was entitled to judgment as a matter of law.

---

4. We note immediately after filing the third-party complaint, UPS filed a motion for leave to file the same. The court never ruled on the motion.

Appellant filed a timely notice of appeal from both the November 24, 1987 judgment granting PAGF's motion for summary judgment and the January 28, 1991 judgment granting UPS's motion for summary judgment.

## I

In his first assignment of error, appellant asserts the trial court erred by granting PAGF's motion for summary judgment. In the table of contents of his brief on appeal, appellant lists the following summaries of his arguments concerning this assignment of error:

"IV. A genuine issue of material fact exists as to PAGF's liability for the accident which occurred at its private crossing.

"IV-A. The trial court erred in concluding that PAGF had 'never owned or exerted any control over the crossing site.'

"IV-B. PAGF's ownership and control of the road, and the legal duties arising therefrom, rendered PAGF liable to third parties injured as a proximate result of dangerous conditions existing on that private road, including the danger, acknowledged by PAGF, that a person travelling on Gingersnap Road would be hit by an oncoming train in attempting to cross the railroad tracks."

We will consider appellant's arguments in the context of whether the court properly granted PAGF's motion for summary judgment.

Summary judgment is appropriate when the movant demonstrates (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Bostic v. Conner* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

When reviewing a summary judgment, an appellate court must independently review the record to determine if summary judgment was appropriate. An appellate court need not defer to the trial court's decision in summary judgment cases. See *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 599 N.E.2d 786.

Civ.R. 56(E) provides that a party defending against a motion for summary judgment may not rest upon mere allegations in the pleadings and memoranda,

but must present documentary evidence setting forth specific facts to show there is a genuine issue of material fact for trial. Civ.R. 56(E) states:

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his responses, *by affidavit or as otherwise provided in this rule,* must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.)

Civ.R. 56(C) lists the types of documentary evidence admissible in summary judgment proceedings:

" * * * Summary judgment shall be rendered forthwith if the pleading, *depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any,* timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * " (Emphasis added.)

In *Hoffman v. Davidson* (1987), 31 Ohio St.3d 60, 31 OBR 165, 508 N.E.2d 958, the court followed Civ.R. 56(E) and emphasized that the nonmoving party has the burden of producing documentary evidence to demonstrate a genuine issue of material fact exists. The court wrote at 61, 31 OBR at 166, 508 N.E.2d at 960:

"As we held in *Mathis v. Cleveland Pub. Library* (1984), 9 Ohio St.3d 199, 202, 9 OBR 511, 514, 459 N.E.2d 877, 880, this rule clearly provides that plaintiffs were required to file opposing affidavits or some evidence to place in issue the facts alleged in the Davidson affidavit."

See, also, *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus.

■ In the case *sub judice,* PAGF supported its motion for summary judgment with an affidavit. Appellant failed to respond to PAGF's motion for summary judgment with opposing affidavits or other documentary evidence showing that there is a genuine issue for trial. Neither appellant's memorandum in opposition to the motion, nor the exhibits appellant attached to his memorandum set forth specific facts in the form of affidavits, depositions, written admissions, answers to interrogatories, or transcripts of evidence in the pending case. Under the circumstances, Civ.R. 56(E) required the trial court to enter summary judgment "if appropriate" against appellant.

■ Our review of the record reveals summary judgment in favor of PAGF and against appellant is appropriate. The affidavit stated that PAGF never

owned the railroad crossing. Appellant presented no documentary evidence to the contrary. The record contained no documentary evidence to the contrary. Consequently, we find the trial court correctly concluded that (1) no genuine issue of material fact exists as to PAGF's liability for the accident at the railroad crossing; (2) PAGF had "never owned or exerted any control over the crossing site"; and (3) PAGF owes no duty to third parties injured at the crossing site. See, generally, *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d 707, where the court discussed the general requirements one must satisfy to establish actionable negligence.

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

## II

In his second assignment of error, appellant asserts the trial court erred by granting UPS's motion for summary judgment. In the table of contents of his brief on appeal, appellant lists the following summaries of his arguments concerning this assignment of error:

"I. The trial court necessarily concluded that Gingersnap Road was not subject to UPS' control. To the contrary, the operative lease agreement clearly gave UPS a leasehold interest in Gingersnap Road itself, making UPS liable, by law and by contract, for injuries to third parties traveling on that road, where the injuries were proximately caused by UPS' negligence.

"A. The issue of whether or not UPS has a leasehold interest in Gingersnap Road itself, upon which turns one aspect of UPS' duty to maintain the road in a safe condition, is a question of fact subject to reasonable dispute. For this reason alone, defendant's motion for summary judgment should have been denied.

"B. UPS' proffering of extrinsic evidence to nullify and contradict the express language of the lease agreement should have been rejected by the trial court. In any event, such evidence merely served to underscore the factual disputes regarding UPS's obligation to maintain Gingersnap Road.

"C. By accepting a leasehold interest in Gingersnap Road, UPS took on all of the responsibilities of the road's owner in fee simple, some of which are prescribed by law and others of which were spelled out in the lease agreement.

"II. Even if UPS had not acquired a leasehold interest in Gingersnap Road, it still would have had a duty to maintain the road under RC 5543.16 or under the lease agreement.

"III. At the very least, Gingersnap Road was an easement appurtenant to the lot on which UPS' place of business was situated, which means that, under the terms of the lease agreement, UPS was still obligated to maintain it."

We will consider appellant's arguments in the context of the question of whether the court properly granted UPS's motion for summary judgment.

Again, we note summary judgment is appropriate when the movant demonstrates (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(E) provides that a party defending against a motion for summary judgment may not rest upon mere allegations in the pleadings and memoranda, but must present documentary evidence setting forth specific facts to show there is a genuine issue of material fact for trial. See *supra*.

In the case *sub judice*, UPS filed an affidavit with its motion for summary judgment. The affidavit, together with the attached lease, stated that UPS leased premises described as "Gingersnap Road, Portsmouth, Ohio (See Attached Rider)." The rider attached to the lease supplied the legal description for Lot 2 in the PAGF industrial park.

■ Although appellant argues strenuously that the lease, by its terms, included the entire Gingersnap Road, we find no *genuine* issue of fact exists on the issue. Common sense dictates that the words "Gingersnap Road" were used in the lease not to state that the entire road was leased to UPS, but rather to describe the location of the leased premises. The lease did not include the entire Gingersnap Road any more than it included the entire city of Portsmouth, or the entire state of Ohio. The words "Gingersnap Road, Portsmouth, Ohio" merely indicated the location of the property in question. The parties to the lease provided a formal legal description of the leased premises in the attached rider. Accordingly, we find UPS owes no duty to third parties injured at the crossing site. See, generally, *Menifee v. Ohio Welding Products, Inc., supra*, where the court discussed the general requirements one must satisfy to establish actionable negligence.

■ Assuming for purposes of argument that the lease was not clear, we find sufficient documentary evidence in the record to prove no genuine issue of fact exists regarding whether the lease included the entire Gingersnap Road. In his affidavit, UPS's industrial engineering manager stated, "Gingersnap Road is not and has never been within the area leased" by UPS. Appellant presented no documentary evidence to the contrary.

We find no merit to appellant's argument that the parol evidence rule bars admission of the affidavit. The parol evidence rule only bars evidence that would vary, alter or modify the terms of a written agreement. In the case *sub judice,* assuming for purposes of argument (as we do in this paragraph and the preceding paragraph) that the lease is unclear, the affidavit does not vary, alter, or modify the lease, but rather seeks to explain an unclear portion of the lease. In *South Union, Ltd. v. George Parker & Assoc., AIA, Inc.* (1985), 29 Ohio App.3d 197, 207, 29 OBR 241, 252, 504 N.E.2d 1131, 1142, the court wrote:

" * * * The purpose of the parol evidence rule is not to exclude all extrinsic evidence in general, but, rather, to exclude only such evidence intended to supersede and destroy the clear intentions of the parties set forth in the written agreement. * * * " See, also, *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 132, 31 OBR 289, 290–291, 509 N.E.2d 411, 413; *Janca v. First Fed. S. & L. Assn. of Cleveland* (1985), 21 Ohio App.3d 211, 214, 21 OBR 225, 228, 486 N.E.2d 1216, 1219; *AmeriTrust Co. v. Murray* (1984), 20 Ohio App.3d 333, 335, 20 OBR 436, 438, 486 N.E.2d 180, 183.

We also find no documentary evidence to support appellant's argument that UPS has an easement by necessity over Gingersnap Road. Appellant bases this argument on the fact Gingersnap Road is the only road leading to the UPS shipping facility. The lack of a second access road does not lead to the conclusion that UPS has an easement by necessity over Gingersnap Road. We note in *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 69, 19 OBR 63, 66, 482 N.E.2d 946, 950, the court wrote:

" * * * Easements implied of necessity are not favored because, like implied easements generally, they are 'in derogation of the rule that written instruments shall speak for themselves.' *Ciski v. Wentworth* (1930), 122 Ohio St. 487, 172 N.E. 276, paragraph one of the syllabus. Thus, *to justify the implication of an easement by necessity, strict necessity is required. An easement will not be implied where there is an alternative outlet to a public way, even though it is less convenient or more expensive. Trattar v. Rausch* (1950), 154 Ohio St. 286, 95 N.E.2d 685 [43 O.O. 186], paragraph eight of the syllabus." (Emphasis added.)

In the case *sub judice,* although Gingersnap Road was the sole road leading out from the UPS shipping facility, no documentary evidence exists to prove Gingersnap Road was the sole means of ingress to and egress from the UPS shipping facility.

Lastly, we find no merit to appellant's argument that R.C. 5543.16 requires UPS to maintain Gingersnap Road. The statute provides in pertinent part:

"The owners of land shall construct and keep in repair all approaches or driveways from the public roads, under the direction of the county engineer. * * * *"

The documentary evidence filed by the parties reveals that the portion of Gingersnap Road in the PAGF industrial park and adjoining the UPS shipping facility land is a public road. In his affidavit, the secretary of PAGF stated:

"The undersigned, Jack Cawthorne, Secretary of the Portsmouth Area Growth Foundation, Inc., says that the Portsmouth Area Growth Foundation, Inc. did own the real estate located in Clay Township adjacent to the railroad crossing that is the subject of this action. *That said real estate was platted and accepted by the public authorities on December 26, 1972. * * * *"* (Emphasis added.)

R.C. 711.091 provides that when a plat is accepted by public authorities and duly dedicated by the owners, the roads on the plat become public roads.[5] The portion of Gingersnap Road in the PAGF industrial park became a public road when the public authorities accepted the plat.[6]

Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error.

The judgments of the trial court are affirmed.

*Judgments affirmed.*

GREY and HARSHA, JJ., concur.

---

5. R.C. 711.091 provides:

"The city or village engineer in the case of lands within a city or village, and the county engineer in the case of lands outside of a city or village, shall, upon written request by the owner of the land upon which the street has been constructed check the construction and if the engineer finds that such street has been constructed in accordance with the specifications set forth on the approved plat, and that such street is in good repair, then such finding, endorsed on the approved plat, shall constitute an acceptance of the street for public use by the city, village or county as the case may be, provided such street has been theretofore duly dedicated."

6. We need not determine whether the portion of Gingersnap Road outside the PAGF industrial park was a public road, was part of the plat, or was not part of the plat. For R.C. 5543.16 purposes, we need only determine the status of the portion of Gingersnap Road inside the PAGF industrial park.