OPINION
Pro se defendant-appellant, Steve Hoover, dba JLH Painting Co., appeals a decision of the Middletown Municipal Court granting judgment in favor of plaintiff-appellee, Combs Schaefer.
In its decision filed on April 24, 1998, the magistrate succinctly explained the nature of the present controversy between the parties as follows:
 This matter having come before the Court for hearing this 7th day of April, 1998.
 [Appellee] entered into a contract with [appellant] to finish woodwork, doors and windows. No written contract was presented to the Court.
 [Appellee] claims that the work was not done to their satisfaction. [Appellee] states that [appellant] promised that the work would be done to its satisfaction. This statement was not disputed by [appellant].
 Both parties agree that the work done by [appellant] to be [sic] completed using a polyurethene [sic] finish which requires a longer drying time in a dust free environment.
 Both parties and witnesses agree these conditions were not present during the time the actual work was done.
 Since [appellant] elected to work under these conditions, he bears some responsibility for the result. Clearly, [appellee] put some pressure on [appellant] to complete the work in a short period of time and must also assume some responsibility for the result.
 [Appellee] provided evidence of the costs to make the upstairs area completed to its satisfaction.
 Based on these factors, the Court awards [appellee] $2,200.00 with interest and costs. No recovery is granted for any additional work to be performed in the future.
By entry filed April 24, 1998, the trial court adopted the magistrate's decision and granted judgment in favor of appellee. On May 21, 1998, appellant filed a document entitled "Notice to appeal." In this document, appellant essentially asserts that appellee did not prove its case in the trial court.
We note that appellant has failed to present any assignment of error as required by App.R. 16(A)(3). An appellate court has the discretion to disregard any error not separately assigned and argued. App.R. 12(A)(2). "[T]he generous construction of pro se
filings does not require trial courts to conjure up questions never squarely asked by the litigant. Likewise, such generosity should not require appellate courts to manufacture errors not assigned by the appellant, especially in light of the affirmative duties imposed by the appellate rules cited above." Simms v. Lane
(4th Dist. Aug. 5, 1996), No. 95CA25, 1996 Ohio App. LEXIS 3382, at *3-4. Since we cannot properly review an appeal when the appellant has completely failed to state an assignment of error,Shepherd v. United Parcel Serv. (1992), 84 Ohio App.3d 634, 637, we must presume the regularity of the proceedings below. In addition, a review of the record does not disclose any irregularities in the procedure followed by the trial court.
Accordingly, the judgment of the trial court is affirmed.
POWELL, P.J., and YOUNG, J., concur.