MEADORS, ADMR., APPELLANT, *v.* ZARING CO., APPELLEE; RAPID PLUMBING, INC. ET AL.

98

(No. C-860622—Decided
October 7, 1987).

*Aronoff, Rosen & Stockdale, Stanley J. Aronoff* and *Gregory Mohar,* for appellant Dennis H. Meadors, Administrator of the Estate of John H. Meadors.

*Rendigs, Fry, Kiely & Dennis, W. Roger Fry* and *Jill E. Thompson,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Appellant's decedent, John H. Meadors, was killed when a trench in which he was working collapsed. At the time, Meadors was working as an employee of defendant Rapid Plumbing, Inc. ("Rapid"), a subcontractor, on premises owned by the appellee general contractor, the Zaring Company ("Zaring"). The trench had been excavated by Rapid.

Appellant filed suit for the wrongful death of Meadors against Rapid, Zaring and Walter Dean Minton, an officer of Rapid. Appellant alleged that Zaring had a duty to Meadors, an invitee, to maintain the premises in a reasonably safe condition and to warn of hazardous conditions reasonably known by Zaring to exist, and that Zaring breached its duty by failing to use effective trench-retaining devices or other safe shoring methods and by failing to, warn of the latent hazard. The trial court granted Zaring's motion for summary judgment and, after partially granting Rapid's motion for summary judgment, transferred venue in the case against Rapid and Minton to Butler County, Ohio. This timely appeal involves only the granting of Zaring's motion for summary judgment.

Appellant's first assignment of error is that the trial court erred in applying *Cafferkey* v. *Turner Constr. Co.* (1986), 21 Ohio St. 3d 110, 21 OBR 416, 488 N.E. 2d 189, to the facts presented and granting summary judgment in favor of Zaring.

In *Cafferkey, supra,* in the syllabus, the Ohio Supreme Court held that "[a] general contractor who has not actively participated in the subcontractor's work, does not, merely by virtue of its supervisory capacity, owe a duty of care to employees of the subcontractor who are injured while engaged in inherently dangerous work."

The record in this case reveals that the general contractor, Zaring, did not either actively participate in Rapid's work or retain custody and control of the work site. Rapid was completely in control of the trenching operation. From the evidence a trier of fact could conclude that the sides of the trench had not been properly sloped or shored. Rapid repeatedly warned the decedent to watch the sides of the trenches, to be aware of the possibility of cave-ins, and to spend as little time as possible in the ditches. Thus, the record demonstrates that trenching is inherently dangerous work, because it involves a necessarily present hazard. See *Wellman* v. *East Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E. 2d 629. Therefore, because Zaring did not actively participate in Rapid's inherently dangerous work and had no custody or control over the work site, the rule in *Cafferkey, supra,* applies and no liability can attach to

Zaring. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that reasonable minds could conclude that Zaring did actively participate in Rapid's job operations and that, therefore, summary judgment in favor of Zaring was error. We disagree, because we have already concluded that the record does not demonstrate or support appellant's argument. Appellant's second assignment of error is overruled.

Appellant's third assignment of error alleges that the trial court abused its discretion in denying appellant's motion for leave to amend the complaint to assert a claim for active negligence by Zaring. Civ. R. 15(A) states that leave to amend a pleading shall be freely given "when justice so requires." Where a motion for leave to amend is not timely tendered and no reason is apparent to justify the delay, a trial court does not abuse its discretion in refusing to allow the amendment. See *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 63 O.O. 2d 262, 297 N.E. 2d 113; *Shaw* v. *Central Oil Asphalt Corp.* (1981), 5 Ohio App. 3d 42, 5 OBR 45, 449 N.E. 2d 3.

In this case, appellant's motion was made after discovery was completed and after summary judgment in favor of Zaring had been orally granted, but not journalized. We determine that the motion was not timely filed under the facts of this case and that no reasonable justification was offered for the delay. The depositions and interrogatories forming the basis for the motion were taken and completed over a year prior to its filing, but during argument on the motion for summary judgment it suddenly occurred to appellant that another theory of negligence might have been pleaded. It also is apparent from the record that the proposed amended theory of negligence would have been futile in this matter. See *Peterson, supra.* Finding no abuse of discretion, we overrule appellant's third assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BLACK, P.J., DOAN and UTZ, JJ., concur.