**STUDIER, ADMR., et al., Appellants,**

**v.**

**TALIAK et al., Appellees.**

[Cite as *Studier v. Taliak* (1991), 74 Ohio App.3d 512.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58585.

Decided June 10, 1991.

*Greene & Hennenberg, William Martin Greene* and *Jean M. McQuillan,* for appellants.

*Weston, Hurd, Fallon, Paisley & Howley* and *Donald Switzer,* for appellee Southwest General Hospital.

*Ulmer & Berne* and *Jeffrey W. Van Wagner,* for appellee Benjamin F. Tancino, M.D.

ANN McMANAMON, Judge.

Victoria Studier, administrator of the estate of Virginia Moriana and personal representative of her next of kin, appeals judgment on the pleadings in favor of Benjamin Tancinco, M.D. ("the pathologist") and Southwest General Hospital ("the hospital"). Studier brought survival actions for medical malpractice and wrongful death against six medical defendants. After the entry of certain settlements, dismissals and amended complaints not the subject of this appeal, only claims for spoliation or destruction of evidence against the pathologist and hospital remained at issue. The trial court awarded judgment on the pleadings to these defendants, concluding that Ohio does not recognize such a cause of action.

On appeal, Studier raises two assignments of error,[1] which controvert the entry of judgment on the pleadings. The pathologist and hospital both cross-appeal,[2] challenging the propriety of Studier's fourth amended complaint and the denial of the cross-appellants' motions for summary judgment. Upon review, we affirm the judgment of the trial court in part, reverse it in part and remand it for disposition of outstanding claims.

---

1. See Appendix I.

2. See Appendix II.

Sixty-four-year-old Virginia Moriana died within weeks of elective hernia surgery at the hospital. She suffered perforations of the small bowel with contamination of the peritoneal cavity by food and fecal matter.

The pathologist performed an autopsy at the behest of the family. His report omitted reference to the small bowel and indicated infection caused the death. Studier posits that the pathologist's omission of evidence vital to her medical claims destroyed her ability to obtain the amount of damages for which she prayed in her fourth amended complaint.

The medical claims were arbitrated in 1989. The arbitrators awarded $1,291,000 in damages to Studier against the surgeon. The administratrix settled and dismissed the claims against the remaining medical defendants for $750,000. The panel declined to arbitrate the spoliation claim against the pathologist as it was not " * * * causally related to a compensable medical claim." The panel noted, however, that the pathologist " * * * deviated from acceptable medical practice in that he failed to report findings on autopsy which were material to the mechanisms which ultimately caused death."

We must first, *sua sponte,* address an issue of jurisdiction. While the entry of judgment on the pleadings as to the spoliation claims in the third and fourth amended complaints contains the necessary language to make it a final appealable order pursuant to Civ.R. 54(B), we note other claims in the suit have not been fully resolved. The trial court entered a judgment dismissing, as settled, Studier's claims against three doctors. The entry, however, requires approval by the probate court. This approval has not been journalized in the record of this case. For lack of jurisdiction, we specifically decline to review the pathologist's second cross-assignment of error and the hospital's fourth cross-assignment of error challenging the denial of their motions for summary judgment which are interlocutory and not final orders pursuant to Civ.R. 54(B). *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 549 N.E.2d 1202. Thus we confine our examination to those issues contained in the order for judgment on the pleadings which we find to be a final appealable order. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266; *Douthitt v. Garrison* (1981), 3 Ohio App.3d 254, 3 OBR 286, 444 N.E.2d 1068. See, also, *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 543 N.E.2d 1200.

We will initially address the pathologist's first and the hospital's fifth cross-assignments of error, both of which controvert the propriety of the plaintiff's fourth amended complaint. The defendants complain that the court erroneously allowed the amended complaint only four days before trial was scheduled.

■ Studier's 1987 third amended complaint put forth claims for medical malpractice, wrongful death, the intentional destruction of evidence and conspiracy to destroy evidence. She pled no specific amount of monetary damages.

Two years later and just four days before the scheduled trial, the court allowed an unjournalized, oral motion by the plaintiff to amend the complaint. That fourth amended complaint differed from its predecessors in that it (1) added two new plaintiffs; (2) deleted the medical claims and relied solely on the spoliation of evidence claim; (3) enlarged the spoliation claim to include negligent, fraudulent and malicious destruction of evidence; and (4) added a prayer for $1,171,116.68 compensatory and $10,000,000 punitive damages. The court continued the trial upon motion of the hospital.

Civ.R. 54(C) sets forth in relevant part that " * * * a demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial."

This mandate supersedes the more general Civ.R. 15(A) language which provides that a party may obtain leave to file an amended complaint " * * * when justice so requires." *Williams v. Glen Manor Home for Jewish Aged, Inc.* (1986), 27 Ohio App.3d 246, 27 OBR 289, 500 N.E.2d 929; *Fulton v. Aszman* (1982), 4 Ohio App.3d 64, 4 OBR 114, 446 N.E.2d 803. Civ.R. 54(C) is mandatory. *Douthitt, supra.*

We find that the court impermissibly allowed Studier to amend her demand for money judgment four days before trial in violation of Civ.R. 54(C). *Douthitt, supra.* As a result, Studier is limited to the zero dollar sum claimed in her third amended complaint. Civ.R. 54(C); *Digital Design Corp. v. North Supply Co.* (1989), 44 Ohio St.3d 36, 540 N.E.2d 1358; *Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 20 OBR 213, 485 N.E.2d 704; *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544; *Mers v. Dispatch Printing Co.* (1988), 39 Ohio App.3d 99, 529 N.E.2d 958.

■ We also find the court erroneously allowed Studier's amendment as to the substance of her claims.

Civ.R. 15(A) permits a party to amend her pleadings by leave of court. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 12 OBR 246, 465 N.E.2d 1298; *Meadors v. Zaring* (1987), 38 Ohio App.3d 97, 526 N.E.2d 107; *Holsman Neon & Elec. Sign Co. v. Kohn* (1986), 34 Ohio App.3d 53, 516 N.E.2d 1284; *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 8 OBR 169, 456 N.E.2d 562. The grant of leave is within the sound discretion of the trial court. *Id.*

The motion seeking leave to file the amendment must be in writing, unless made during a hearing or trial. Civ.R. 7(B)(1). The rule has been construed to require the motion to contain a brief written statement of the reason supporting it. *Maintenance Unlimited, Inc. v. Salemi* (1984), 18 Ohio App.3d 29, 18 OBR 54, 480 N.E.2d 113; *Rosenberg v. Gattarello* (1976), 49 Ohio App.2d 87, 3 O.O.3d 151, 359 N.E.2d 467. This the plaintiff failed to do. Further, there is no evidence in the record that Studier made her oral motion during a hearing.

The court should grant leave only where to do so would not unduly prejudice the defendants and where, from plaintiff's timely and good faith motion for leave, it appears she has an actionable claim. *Hambleton, supra; DiPaolo v. DeVictor* (1988), 51 Ohio App.3d 166, 555 N.E.2d 969; *Holsman Neon & Elec. Sign Co., supra; Solowitch, supra.*

■ In this case, two years after asserting the spoliation of evidence claim and four days before trial, the plaintiff sought to amend her fatally defective complaint not only by correcting its omissions and oversights, but by adding new claims and new parties. As these efforts appear futile in sight of her untimely attempt to plead actual damages, the court improperly granted leave to file the fourth amended complaint. *Meadors* and *Solowitch, supra.*

These assignments of error have merit.

Studier's two assignments of error contend that the court erroneously granted defendants judgment on the pleadings on her claims for fraudulent, negligent and intentional spoliation of evidence. The court entered judgment on these claims, as set forth in Studier's third and fourth amended complaints, after determining that Ohio does not recognize such cause of action. Our discussion will necessarily address the hospital's first three cross-assignments of error which also posit that the spoliation claim is not cognizable in Ohio. We note the disposition of the pathologist's first and the hospital's fifth cross-assignments of error renders the fourth amended complaint void and so we confine our review to the third amended complaint.

Pursuant to Civ.R. 12(C), the trial court may properly enter judgment on the pleadings, as a matter of law, where the plaintiff fails to allege a cognizable cause of action. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113; *Janca v. First Fed. S. & L. Assn. of Cleveland* (1985), 21 Ohio App.3d 211, 21 OBR 225, 486 N.E.2d 1216.

■ Civ.R. 8(A) requires that a claim for relief must include "a demand for judgment for the relief of which he deems himself entitled." Where

actual damages are not pled, an actionable cause is not stated. *Jemo v. Garman* (1982), 70 Ohio St.2d 267, 24 O.O.3d 358, 436 N.E.2d 1353.

In her third amended complaint, Studier alleged that " * * * as a direct and proximate result of the intentional and deliberate destruction of evidence * * * plaintiffs have had and will have to incur additional costs in investigation and prosecution of their claim and have been deprived of crucial evidence in preparing their cause of action." Litigation expenses are not recoverable as compensatory damages because such necessary expenses are recoverable as costs pursuant to Civ.R. 54(D). Cf. *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527; *Convention Ctr. Inn, Ltd. v. Dow Chemical Co.* (1984), 19 Ohio Misc.2d 15, 19 OBR 422, 484 N.E.2d 764. See, also, *Bookatz v. Kupps* (1987), 39 Ohio App.3d 36, 528 N.E.2d 961; *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791. Further, as previously noted, Studier recovered over $1,000,000 on the claims for which she seeks litigation costs.

Studier also failed to assert "actual malice, fraud or insult" in her third amended complaint. Without such allegations, she did not state a claim entitling her to the punitive damages she requested. *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464; *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315, paragraph two of the syllabus; *Ali v. Jefferson Ins. Co.* (1982), 5 Ohio App.3d 105, 5 OBR 220, 449 N.E.2d 495; *Convention Ctr. Inn, Ltd., supra.*

Finally, as we have already noted, Studier prayed for no specific dollar amount of damages. Civ.R. 54(C) thus limits her recovery potential to the zero dollar amount pled. *Bishop, Raimonde,* and *Mers, supra.*

As Studier did not denominate actual damages, she failed, as a matter of law, to state an actionable cause. Thus, the court properly entered judgment on the pleadings for the defendants.

The judgment entry of the trial court also stated that spoliation of evidence is not a cause of action recognized in Ohio. We decline to reach that issue as it is mooted by plaintiff's failure to delineate an actionable claim for relief. We will not reverse a judgment that is correct, irrespective of the reasoning used by the trial court. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174; *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663; *April v. Reflector–Herald* (1988), 46 Ohio App.3d 95, 546 N.E.2d 466; *Taylor v. Yale & Town Mfg. Co.* (1987), 36 Ohio App.3d 62, 520 N.E.2d 1375.

The plaintiff's two assignments of error are not well taken. The hospital's first, second and third cross-assignments of error are dismissed as moot.

The judgment of the trial court is affirmed in part, reversed in part and remanded to strike the fourth amended complaint and for disposition of outstanding claims.

*Judgment accordingly.*

KRUPANSKY, C.J., and JOHN F. CORRIGAN, J., concur.

## APPENDIX I

Plaintiffs-appellants' assignments of error:

### I

"The trial court erred in granting judgment on the pleadings when the complaint stated a cause of action for fraudulent misrepresentation and negligence."

### II

"The trial court erred in granting judgment on the pleading because intentional destruction of evidence or 'spoilation' [*sic*] is a valid cause of action under Ohio law."

## APPENDIX II

Assignments of error of Benjamin F. Tancinco, M.D.:

### I

"The trial court committed prejudicial error when it granted Studier leave to file and serve a fourth amended complaint on September 14, 1989 with trial at that time scheduled to commence on September 18, 1989."

### II

"The trial court erred in denying Tancinco's motion for summary judgment since the state of the evidence at that time made it clear that there were no issues as to any material fact and Tancinco was entitled to judgment as a matter of law."

Assignments of error of Southwest General Hospital:

### I

"The trial court erred in granting plaintiff's motion to amend complaint in its order of September 28, 1987 wherein the plaintiff was permitted to set forth Count III to allege an uncognizable cause of action for alleged intentional and deliberate destruction of evidence."

## II

"The trial court erred in granting plaintiff's third motion to amend complaint in its order of November 27, 1987 which permitted plaintiff to revise Count III which alleged an uncognizable cause of action for intentional and deliberate destruction of evidence."

## III

"The trial court erred in overruling defendant Southwest General Hospital's motion to dismiss Count III of plaintiff's amended complaint, for failure to state a claim upon which relief may be granted, in its order of January 15, 1988 where Count III does not allege a cause of action cognizable under Ohio law."

## IV

"The trial court erred in overruling defendant Southwest General Hospital's motion for summary judgment in its order of April 6, 1988 where the defendant proved that there were no genuine issues of material fact and the defendant Southwest General Hospital was entitled to summary judgment in its favor as a matter of law on all counts in the third amended complaint."

## V

"The trial court erred in granting plaintiff's *ex parte* oral motion to file fourth amended complaint in its order of September 14, 1989 where the plaintiff failed to file a written motion for leave to file a fourth amended complaint and where the fourth amended complaint added two new party plaintiffs, alleged new matters which failed to state a claim for relief and which prejudiced the defendant, Southwest General Hospital."