**BRANNAN, Appellant,**

**v.**

**FOWLER, Exr., Appellee.**

[Cite as *Brannan v. Fowler* (1995), 100 Ohio App.3d 577.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 94CA2233.

Decided Feb. 1, 1995.

*John W. Thatcher,* for appellant.

*Stanley C. Bender,* for appellee.

---

HARSHA, Presiding Judge.

James F. Brannan appeals from a judgment of the Scioto County Court of Common Pleas granting summary judgment to Paul E. Fowler, executor of the estate of James H. McElhaney. Appellant assigns two errors:

"*Assignment of Error Number 1:* The trial court erred by not ruling upon the motion filed by plaintiff-appellant to amend the complaint and then making the lack of an amended complaint part of its decision in its ruling upon summary judgment."

"*Assignment of Error Number 2:* The trial court erred and abused its discretion granting summary judgment in favor of the defendant-appellee and dismissing the complaint."

Appellant filed a complaint in the Scioto County Court of Common Pleas demanding judgment "requiring the estate to transfer the real estate and business to [appellant] pursuant to the terms of the contract." Appellant alleged that appellee's decedent, James McElhaney, promised appellant in 1983 that if appellant would quit his job in Columbus, move to Scioto County, and manage the "Pitt Stop," upon McElhaney's death, appellant would get the business and real estate. McElhaney died in September 1992, leaving appellant $10,000 in cash. McElhaney's will did not pass the Pitt Stop to appellant. Appellant also alleged in his complaint that relying upon McElhaney's promise, appellant borrowed money in his own name for the business.

Appellee filed a motion for summary judgment, arguing that appellant's complaint alleged an oral contract to make a will, prohibited by R.C. 2107.04. Therefore, appellee argued, he was entitled to judgment as a matter of law. The court granted appellant an extension to file his response to the motion for summary judgment. Appellant filed a response attaching several affidavits and sworn witness statements. On the same day, appellant filed a motion which states in its entirety:

"Now comes the Plaintiff and moves this Court for an Order permitting him to file an Amended Complaint herein, for the reason that the Defendant has refused to deliver personal property belonging to the Plaintiff even after establishing proof of purchase and to further amend the Complaint to allege an alternative prayer for money damages."

Appellant never filed a proposed amended complaint and appellee did not file an objection to appellant's request for leave to amend. The trial court never ruled on the motion for leave to amend, but on February 14, 1994, the court filed an entry granting summary judgment to appellee.

In his first assignment of error, appellant argues that the trial court erred in failing to rule on the motion to amend the complaint. When a trial court fails to rule on a motion, the appellate court presumes that the trial court overruled the motion. *Winters v. Winters* (Feb. 24, 1994), Scioto App. No. 2112, unreported, 1994 WL 69885; *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001. Thus, we address the merits of whether the court properly overruled the motion. *Davidson v. Star Bank* (Sept. 14, 1993), Lawrence App. No. CA93–4, unreported, 1993 WL 373791; *State v. Howard* (Mar. 4, 1994), Scioto App. No. 93CA2136, unreported, 1994 WL 67688.

Civ.R. 15(A) provides in part:

"(A) Amendments.

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"

An appellate court will only reverse a trial court's decision on a motion to amend a complaint if the trial court abused its discretion. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624–625. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30–31; *Wilmington Steel, supra.* When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184–1185, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308–1309.

Generally, the language of Civ.R. 15(A) favors a liberal policy of allowing amendments to pleadings beyond the time when such amendments are automatically allowed. *Wilmington Steel, supra,* 60 Ohio St.3d at 122, 573 N.E.2d at 624–625. The Ohio Supreme Court has stated that a trial court abuses its discretion by denying a timely filed motion for leave to file an amended complaint "where it is possible that the plaintiff may state a claim upon which relief may be granted

and no reason otherwise justifying denial of the motion is disclosed." *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113, paragraph six of the syllabus. In this case, timeliness is not an issue because appellant filed the motion nearly six months before the scheduled trial date.

An amended pleading is designed to include matters occurring before the filing of the complaint, but either overlooked or not known at the time. *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 519, 620 N.E.2d 152, 156; *Mork v. Waltco Truck Equip. Co.* (1990), 70 Ohio App.3d 458, 461, 591 N.E.2d 379, 381–382. A party seeking leave to file an amended complaint must, as a matter of law, comply with Civ.R. 7(B)(1), which imposes upon the movant an affirmative duty to state with particularity the grounds for the motion. *Studier v. Tancinco* (Mar. 10, 1994), Cuyahoga App. No. 64793, unreported, at 13, 1994 WL 78050; *Studier v. Taliak* (1991), 74 Ohio App.3d 512, 516, 599 N.E.2d 718, 720–721. Here, the appellant's motion (memorandum), although minimal at best, is sufficient to apprise the court of the nature of the additional claim which he sought to pursue. Furthermore, because this claim clearly arises from the factual context set forth in the initial complaint, failure to litigate it at the same time could lead to a defense of *res judicata* in subsequent litigation. Granting leave to amend to include a claim for conversion, unjust enrichment, etc., would not have precluded the court from ultimately granting summary judgment on the cause of action relating to the real estate. See our disposition of the second assignment of error. Accordingly, we believe the trial court abused its discretion in overruling the motion for leave to amend. On remand, however, appellant is strictly limited to the basis set forth in his original motion/"memorandum" for leave.

In his second assignment of error, appellant contends that the trial court erroneously granted summary judgment to appellee. In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, *i.e.*, we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; cf., also, *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352, 353–354; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d

112, 115, 526 N.E.2d 798, 801–802. Additionally, a motion for summary judgment forces the nonmoving party to produce evidence on any issue for which (1) that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. See *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 623 N.E.2d 591, and *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

The trial court granted summary judgment, finding that appellant's complaint was barred by R.C. 2107.04, which provides:

"No agreement to make a will or make a devise or bequest by will shall be enforceable unless it is in writing.  * * * "

Appellant concedes that the decedent never put into writing his promise to give appellant the Pitt Stop business and real estate.  However, appellant contends that there is a genuine issue of fact whether the agreement between the decedent and appellant was a promise to make a will or a contract for the transfer of the business and real estate.

To his motion for summary judgment, appellee attached portions of appellant's deposition testimony in which he stated that the decedent promised appellant that "if anything ever happened" to the decedent, the business would belong to appellant.  Appellant testified that the agreement was not necessarily that decedent would transfer the property by will, but that some time in the future, at some uncertain date, decedent would give the property to appellant.  Appellant attached to his response to the summary judgment sworn statements from several friends, relatives and business associates.  These people testified that they heard the decedent say that he planned to purchase a business for appellant or that the Pitt Stop belonged to appellant or that when the decedent died or if "something happened to him" appellant would get the Pitt Stop.

It is not clear that the agreement between decedent and appellant was a contract to make a will.  However, even if the alleged oral agreement was not a contract to make a will, as a matter of law, it was not an enforceable contract for the transfer of real estate.  R.C. 1335.04 provides:

"No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing or by act and operation of law."

Because the decedent never executed a written deed, note in writing, or memorandum, the Statute of Frauds bars enforcement of the alleged contract. R.C. 1335.04; *Manifold v. Schuster* (1990), 67 Ohio App.3d 251, 254, 586 N.E.2d

1142, 1144. Generally, in Ohio, the contract for an interest in real property can be removed from the Statute of Frauds by delivery of possession and other facts which indicate the existence of a contract. See *Snyder v. Warde* (1949), 151 Ohio St. 426, 433, 39 O.O. 253, 256–257, 86 N.E.2d 489, 492–493. The doctrine of partial performance will not remove an oral agreement from the Statute of Frauds without a showing of detrimental reliance by the party arguing partial performance or an unconscionable advantage obtained by the party raising the statute. *Manifold, supra,* at 255, 586 N.E.2d at 1144–1145; *Heiss v. Gragg* (Oct. 30, 1989), Ross App. No. 1560, unreported, 1989 WL 128875. To show detrimental reliance sufficient to invoke the defense of partial performance:

" 'The plaintiff must be able to show such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the Statute to escape performance; and also that plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, so far to alter his position as to incur an unjust or unconscientious injury and loss * * *.' " *Heiss, supra,* quoting *Tier v. Singrey* (1951), 154 Ohio St. 521, 529, 43 O.O. 492, 496, 97 N.E.2d 20, 24; *Delfino v. Paul Davies Chevrolet, Inc.* (1965), 2 Ohio St.2d 282, 288–289, 31 O.O.2d 557, 561, 209 N.E.2d 194, 199.

Generally, the performance of services as consideration of a promise to convey land is insufficient to justify enforcement of an oral agreement. 3 Williston on Contracts (3 Ed. 1960, Supp.1994) 564, Section 494. However, services may be sufficient partial performance if the services are such that they cannot be readily valued in money. *Id.* at 565; *Snyder, supra,* 151 Ohio St. at 435, 39 O.O. at 257, 86 N.E.2d at 493, citing *Shahan v. Swan* (1891), 48 Ohio St. 25, 26 N.E. 222, and *Newbold v. Michael* (1924), 110 Ohio St. 588, 144 N.E. 715.

In this case, construing all facts most strongly in favor of appellant, appellant did perform services as manager of the Pitt Stop and did turn down other employment because of the decedent's alleged promise to convey the business and real estate to him. However, such services can be adequately compensated in money and appellant conceded that he and his wife were paid fair wages for the time they worked at the Pitt Stop. Thus, as a matter of law, both R.C. 2107.04 and the Statute of Frauds, R.C. 1335.04, bar appellant from enforcing the decedent's alleged promise. Thus, appellee was entitled to judgment as a matter of law. Appellant's second assignment of error is overruled.

*Judgment affirmed in part*
*and reversed in part.*

STEPHENSON and PETER B. ABELE, JJ., concur.