GOTTFRIED–SMITH, Appellant,

v.

GOTTFRIED, Appellee.

[Cite as *Gottfried–Smith v. Gottfried* (1997), 119 Ohio App.3d 646.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–287.

Decided May 30, 1997.

*Michael D. Portnoy,* for appellant.

*John Czarnecki,* for appellee.

*Per Curiam.*

This is an appeal from an August 20, 1996 opinion and judgment entry from the Lucas County Court of Common Pleas in which the court denied a motion filed by appellant, Cynthia Gottfried–Smith, to amend her complaint and granted summary judgment to appellee, Max P. Gottfried. Appellant has presented four assignments of error for consideration, which are:

"I. The trial court erred by granting summary judgment in appellee's favor and concluding plaintiff's cause of action was barred by the Statute of Wills.

"II. The trial court erred by not allowing plaintiff to pursue her cause of action against defendant pursuant to detrimental reliance.

"III. The trial court erred when concluding the parties' oral contract was not an employment contract, but rather a sale of personal property for over $5,000.00 or sale of goods for over $500.00.

"IV. The trial court erred by not allowing plaintiff to amend her complaint."

The record shows that appellant was once the daughter-in-law of appellee. Appellant has divorced appellee's son and has remarried. The parties agree that while appellant was still married to appellee's son, appellee started a business.

Appellant testified by deposition that appellee summoned appellant and his son to his home one evening. Once they arrived at his home, appellee asked her to work for him in his new business. He told her that he would be unable to pay her at first because the company was not yet generating enough revenue. Instead, she testified that he said, "Do this for me, I'm not going to live forever and eventually the company will be yours." [1] She testified that she interpreted appellee's statement as a promise that he would leave the company to her in his will, or at least that he would leave the company to her and his son.

Both parties agree that appellant did perform some work for appellee without receiving any pay. Some dispute does exist over how long appellant worked without pay. However, both parties agree that appellant eventually did begin to receive a salary and bonuses, and that the amount paid to her increased substantially over time. Appellant testified that she filed suit against appellee after his son told her appellee was not leaving the business to her in his will.

We will consider appellant's first and second assignments of error together. Appellant contends in support of these assignments of error that the trial court erred when it granted summary judgment to appellee in this case because (1) she

---

1. For the purposes of his motion for summary judgment, appellee has asked that the courts assume that he did make the above-quoted statement.

is seeking monetary damages, not specific performance of the contract, and (2) she can pursue a cause of action for detrimental reliance.

Civ.R. 56(C) sets forth the guidelines for Ohio courts contemplating whether summary judgment should be granted. Civ.R. 56(C) states:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

After reviewing the undisputed facts and the law in this case, we find for the following reasons that the trial court did not err when it granted appellee summary judgment.

First, appellant begins her argument in support of her first assignment of error by acknowledging that under Ohio law, specific performance of an oral contract to leave a business to an employee by a will in exchange for the employee's work is not available because of R.C. 2107.04. *Brannan v. Fowler* (1995), 100 Ohio App.3d 577, 583–584, 654 N.E.2d 434, 437–438. R.C. 2107.04 governs contracts to make a will and provides:

"No agreement to make a will or to make a devise or bequest by will shall be enforceable unless it is in writing. Such agreement must be signed by the maker or by some other person at such maker's express direction. If signed by a person other than such maker, the instrument must be subscribed by two or more competent witnesses who heard such maker acknowledge that it was signed at his direction."

Appellant conceded that in this case appellee never made any written promise to make a will leaving his business to her in his will. Nevertheless, she contends that she is entitled to seek monetary damages for appellee's breach of his oral agreement to leave his business to appellant in his will.

Appellant cites *Brannan v. Fowler, supra,* and the ruling of that court that permitted an employee to seek monetary damages from an estate of a former employer when the employer breached an oral agreement to leave the employee the employer's business in the employer's will. Specifically, appellant quotes a portion of that court's decision in which the court ruled that the trial court abused

its discretion when it failed to permit the employee to amend his complaint against the employer's estate to include several causes of action in addition to his claim for breach of contract, including a claim for conversion and unjust enrichment. *Id.*, 100 Ohio App.3d at 582, 654 N.E.2d at 436–437. Appellant then states: "While the *Brannan* Court concluded Ohio Revised Code § 2107.04 precludes Brannan's right to seek special performance on his oral contract, the court allowed Brannan to recover monetary damages based upon his claims he wished to pursue in his Amended Complaint." Finally, appellant asserts that the ruling of the *Brannan* court applies to this case and shows that she has the right to "pursue her cause of action against [appellee] for monetary damages."

A review of the facts in the *Brannan* case shows that it is distinguishable from this case and does not support appellant's claim that she could recover monetary damages from appellee based upon her anticipatory breach of contract claim. As we have already noted, the *Brannan* court ruled that the former employee could seek monetary damages, rather than specific performance of the oral contract to make a will, only after it ruled that the trial court should have permitted the employee to amend his complaint to include several causes of action that were independent of his breach of contract claim. The monetary damages were remedies that were available under the alternative causes of action, *i.e.*, conversion or unjust enrichment.

In this case, appellant did not seek leave to amend her complaint to plead alternative causes of action to her claim for anticipatory breach of contract. Accordingly, she asserted no separate causes of action that would entitle her to monetary damages in lieu of specific performance of the contract she alleged was anticipatorily repudiated.

■■■■ Second, appellant had no cause of action for detrimental reliance. Detrimental reliance arises as an element of several causes of action that exist in equity to enforce a contract that is in violation of a Statute of Frauds, but it is not itself a cause of action. See *Brannan*, 100 Ohio App.3d at 583–584, 654 N.E.2d at 437–438; see, also, *Loyer v. Loyer* (Aug. 16, 1996), Huron App. No. H–95–068, unreported, 1996 WL 463728 (discussing several equitable doctrines that employ detrimental reliance as an element). A review of the record shows that appellant did not plead any of the causes of action that might entitle her to payment for the value of the services she rendered to appellee without pay.

In her complaint, appellant recounted her factual allegations in the beginning paragraphs. She then listed the title *"FIRST CAUSE OF ACTION."* Under that title she included the following pertinent paragraphs:

"9. Upon reliance of Defendant's statements and the parties' oral contract that Plaintiff would get ownership of Gottfried Medical, Inc. if she worked for little or no income, Plaintiff detrimentally relied upon Defendant's statements and continued to work at Gottfried Medical, Inc. for token amounts of money.

"10. As a result of Defendant's anticipatory breach of contract, Plaintiff has been damaged in an amount exceeding Twenty-five Thousand Dollars ($25,-000.00)."

Immediately following paragraph ten, appellant stated:

"WHEREFORE, Plaintiff hereby demands that a jury of eight be empaneled to hear and determine all issues of fact herein and for Judgment against the Defendant for his anticipatory breach of the parties' oral contract and seeks damages in an amount exceeding Twenty-five Thousand Dollars ($25,000.00)."

While we recognize that Ohio has adopted notice pleading, Civ.R. 8, we find that the complaint submitted by appellant failed to meet the minimum standards required to give notice that appellant was asserting causes of action other than her claim for anticipatory repudiation.[2] Even if the reference in paragraph nine of her complaint were enough for this court to state that appellee should have been alerted that appellant was asserting an alternative cause of action, such as promissory estoppel or quantum meruit, the complaint contains no demand for judgment pursuant to equity.

In addition, when appellee filed a motion for summary judgment, appellant failed to raise any contention that summary judgment could not be granted because she had a right to relief due to a claim other than her claim for anticipatory repudiation. A review of her memorandum in response shows that she argued that (1) the nature of her oral contract was a contract for employment, not a contract to make a will, (2) the contract could have been performed within one year and therefore was not governed by the Statute of Frauds, and (3) she was entitled by law to pursue her cause of action for anticipatory repudiation of the contract. Appellant's failure to raise any argument in the trial court regarding a claim for relief pursuant to a cause of action other than her claim for anticipatory repudiation precludes her from raising it for the first time on appeal. See *Mid–American Natl. Bank & Trust Co. v. Heiges* (May 3, 1996), Ottawa App. No. OT–95–058, unreported, 1996 WL 221854. Therefore, the trial court did not

---

**2.** Civ.R. 8 provides in pertinent part:

   "(A) Claims for relief. A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

err when it did not allow appellant to "pursue her cause of action against appellant pursuant to detrimental reliance." The trial court was never notified by appellant that she was pursuing any additional cause of action, other than her claim for anticipatory repudiation, or that she sought equitable relief. Accordingly, when the evidence was construed in a light most favorable to appellant, no material issues of fact remained in dispute, and appellee was entitled to judgment as a matter of law. Appellant's first and second assignments of error are not well taken.

■ In support of her third assignment of error, appellant argues that the trial court erred when it ruled that the oral contract in question was not an employment contract, but a contract for the sale of goods worth more than $500 or for the sale of personal property worth more than $5,000. We find no such ruling in the trial court's opinion and judgment entry. The trial court did quote R.C. 1303.12 and 1302.04, which govern contracts for the sale of goods worth more than $500 and of personal property worth more than $5,000, respectively, and which require such contracts to be in writing. However, the trial court did not refer to those provisions in its final ruling. Rather, the trial court discussed the decision in *Brannan*, 100 Ohio App.3d 577, 654 N.E.2d 434, and stated that, as in *Brannan*, appellant's claim is "barred by R.C. 2107.04 since the contract alleged was an oral agreement to make a will." Accordingly, the trial court clearly relied upon R.C. 2107.04 as the basis of its ruling. Appellant's third assignment of error is not well taken.

In support of her fourth and final assignment of error, appellant contends that the trial court erred when it denied her motion to amend her complaint. The motion to amend her complaint was filed on July 12, 1996. In the memorandum accompanying the motion, appellant stated that she was requesting an "order allowing her to amend the Complaint, not to change the cause of action, but to specify in more detail her cause of action against [Appellee]."

The trial court considered the motion and ruled that because Civ.R. 8 permits notice pleading, the original complaint was sufficient to alert appellee to the cause of action asserted by appellant. The trial court stated, "To allow Smith to amend her complaint, only to more specifically state her claims, will simply delay this action. For this reason, plaintiff's motion to amend her complaint is denied."

■ The Supreme Court of Ohio has stated that when a party challenges a trial court's ruling on a motion to amend pleadings, the appellate court must consider "whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made." *Wilmington Steel Prod.*,

*Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624. An abuse of discretion " 'connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 219–220, 24 O.O.3d 322, 323, 436 N.E.2d 1008, 1010, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149. In addition, Ohio courts have held that leave to amend must be sought in good faith, that is, "there must be at least a *prima facie* showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic, nor one which would cause prejudice to the defendant." *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 117, 8 OBR 169, 172, 456 N.E.2d 562, 564–565.

The trial court in this case did not abuse its discretion when it denied appellant's motion for leave to file an amended complaint. Appellant did not present any facts to support any new matter to be pleaded. Instead, she asked to plead the cause of action already filed with more particularity. As the trial court correctly noted, Civ.R. 8 permits notice pleading in this state. Accordingly, no need existed for appellant to plead her same cause of action with more particularity and no purpose would be served if the motion to file an amended complaint were granted. Appellant's fourth assignment of error is not well taken.

The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, GLASSER and SHERCK, JJ., concur.