OPINION
{¶ 1} Plaintiff-appellants Michelle Vaia, Allison Vaia, James L. Vaia, George Vaia and Daniel Vaia [hereinafter appellants] appeal from the August 11, 2003, Judgment Entry of the Licking County Court of Common Pleas, Probate Division, which granted a motion to dismiss in favor of defendants-appellees Christie M. Young, individually and as co-executrix of the Estate of Marlene Mindenhall, and Martin D. Altmaier, as co-executor of the Estate of Marlene Mindenhall [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE {¶ 2} Marlene Mindenhall [hereinafter decedent] died on January 3, 2002. Christie M. Young [hereinafter Young] was decedent's daughter. The decedent died testate and her purported last Will dated December 20, 2001, was admitted to the Licking County Probate Court on January 16, 2002. In the purported last Will, the decedent left certain beneficiaries specific bequests and then left the rest, residue and remainder to Young. The Will left nothing to appellants Michelle Vaia and Allison Vaia.
 {¶ 3} On June 19, 2002, appellants filed a complaint to contest decedent's purported last Will. In that complaint, the appellants alleged that the decedent and Lula Vaia were live-in companions.[1] The appellants stated that the decedent and Lula Vaia had previously made reciprocal Wills under which each left her estate to the other with Michelle Vaia and Allyson Vaia and Young as residual beneficiaries. Appellants contended, therefore, that Michelle and Allison Vaia would have inherited through those Wills if the purported Will probated in the decedent's estate was found to be invalid.[2]
 {¶ 4} Appellants further alleged that when the decedent signed the new, purported last Will, she was under the influence of medication, was incompetent and/or was not of sound mind or memory. Appellants asserted that the decedent was under undue influence and that the purported last Will was procured as a result of fraud, misrepresentation, mistake and/or duress exerted by Young. (Count I) In addition, appellants raised claims that the decedent breached the reciprocal estate plan (Count II) and that inter vivos transactions were made when the decedent was not of sound mind and memory and that the transfers were the product of undue influence, misrepresentation, mistake, fraud and duress exerted by Young. Appellants alleged that Young's actions in regard to the inter vivos transfers violated the confidential and fiduciary relationship between decedent and Young and Young intentionally interfered with appellants' reasonable expectancy of inheritance. (Counts III and IV)
 {¶ 5} On November 15, 2002, the appellees filed a motion to dismiss, pursuant to Civ. R. 12(B)(6). In the motion to dismiss, appellees asserted that appellants had no standing to contest decedent's Will because appellants are not heirs at law and failed to specifically plead that they were beneficiaries under any previous specific Will by the decedent and that Count II should be dismissed for lack of a written document entered into by the decedent and Lula Vaia creating a contract to make Wills.
 {¶ 6} A hearing was held on the motion to dismiss on July 29, 2003. Subsequently, on August 11, 2003, the trial court issued a Judgment Entry in which it granted the motion to dismiss. Specifically, the trial court found that appellants were not heirs at law of the decedent and, therefore, had no standing to contest the decedent's Will as alleged in Count I, III, and IV. As to Count II, the trial court found that appellants had failed to state a claim upon which relief could be granted because appellants failed to attach to the complaint a written contract signed by decedent in which decedent agreed to make a Will for appellants' benefit.
 {¶ 7} It is from the August 11, 2003, Judgment Entry that appellants appeal, raising the following assignments of error:
 {¶ 8} "I. The trial court committed error when it held that, on a motion to dismiss, plaintiffs-appellants lack standing to file a will contest.
 {¶ 9} "II. The trial court committed error when it held that, on a motion to dismiss, plaintiffs-appellants failed to state a claim upon which relief can be granted."
 I {¶ 10} In the first assignment of error, appellants contend that the trial court committed error when it granted appellees' motion to dismiss upon a finding that appellants lacked standing to contest the Will. We agree.
 {¶ 11} A motion to dismiss is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548,605 N.E.2d 378. Thus, the court will look only to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. The court cannot look to any facts or circumstances outside of the pleadings. See State ex. Rel. Baran v. Fuerst (1990),55 Ohio St.3d 94, 563 N.E.2d 713.
 {¶ 12} In order to dismiss a complaint pursuant to Civ.R. 12(B)(6), the court must find beyond a doubt that the plaintiff can prove no set of facts that would support his claim for relief. O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 327 N.E.2d 753. In so doing, we must accept all factual allegations in the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrdv. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584. Our standard of review on a Civ.R. 12(B)(6)[3] motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs.,Inc. (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981.
 {¶ 13} In this case, appellants seek to contest a will. Revised Code 2107.71 concerns who may contest a will:
 {¶ 14} "A person interested in a will . . . admitted to probate in the probate court, . . . may contest its validity by a civil action in the probate court in the county in which such will . . . was admitted to probate." R.C. 2107.71(A).
 {¶ 15} When analyzing a previous, analogous version of this statute, the Ohio Supreme Court stated that "we are of the opinion that it is well established that persons who are beneficiaries in a will have such a pecuniary interest as entitles them to contest another alleged will of the same testator which would destroy or reduce their share in his estate if such other alleged will should ultimately control." Kennedyv. Walcutt (1928), 118 Ohio St. 442, 161 N.E. 336, overruled on other grounds, Krischbaum v. Dillon (1990), 58 Ohio St.3d 58,567 N.E.2d 1291.[4] In addition, it has been held in a summary judgment case that when a party who wishes to contest a will is not a party who would stand to inherit under the statutes governing intestate succession, that party must demonstrate the prima facie validity of the will under which the party claims in order to establish the necessary pecuniary interest. Sheridan v.Harbison (1995), 101 Ohio App.3d 206, 655 N.E.2d 256.
 {¶ 16} In this case, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in favor of the appellants (the nonmoving parties), we find that the trial court erred when it found that appellants have no standing to contest the will. In the complaint, appellants stated that Michelle Vaia and Allison Vaia "upon belief, were residual beneficiaries in prior wills prepared by the decedent [and Lula Vaia] and would, therefore, inherit through those Wills if the purported will probated in the Decedent's estate was to be held invalid." Complaint, Para. 5. Thus, appellants pled the existence of a prior will naming them as the residual beneficiaries. They have pled that the prior will was one of two reciprocal wills and attached to the complaint a copy of Lula Vaia's reciprocal will. We find this is sufficient to survive a Civ. R. 12(B)(6) motion. When all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in appellants favor, appellants have stated a claim through which they have standing to contest the will.
 {¶ 17} We find that there was no need for appellants to have attached a copy of the will, under which they claim to have been beneficiaries, to the Complaint. The facts, as alleged in the complaint and supported by the attached will of Lula Vaia, state a sufficient set of facts to survive a Civ. R. 12(B)(6) motion.
 {¶ 18} Appellant's first assignment of error is sustained.
 II {¶ 19} In the second assignment of error, appellants claim that the trial court committed error when it granted a motion to dismiss Count II of the complaint based upon a finding that the appellants had failed to state a claim upon which relief could be granted. The trial court dismissed this count, finding that it attempted to state a breach of a promise to make a will. Accordingly, the trial court dismissed the count because appellants failed to attach a written contract signed by the decedent promising to make a will for plaintiffs' benefit. However, appellants contend that the trial court failed to recognize that appellants had stated a claim for constructive trust. We agree.
 {¶ 20} The trial court was correct that appellants cannot pursue a breach of an agreement to make a will because such an agreement must be in writing and there is no claim that any such written agreement existed. Gottfried-Smith v. Gottfried (1997),119 Ohio App.3d 646, 653, 695 N.E.2d 1229. In Count II of the complaint, appellants allege the following:
 {¶ 21} "The Decedent and her live-in companion, Lula Vaia . . . upon beleief, [sic] made out reciprocal Wills, a copy of Lula's Will attached as Exhibit "B" hereto.
 {¶ 22} "As part of said reciprocal estate plans, Michelle and Allison [Vaia] were to receive 50% of the Decedent's and Lula's estate at the time the last of the two passed away.
 {¶ 23} "The Decedent breached this reciprocal estate plan by purportedly formulating the Will probated in her estate."
 {¶ 24} Appellants claim that they stated a basis for a constructive trust. Constructive trusts are equitable remedies created by implication of law and not by agreement between the parties. Kent v. Mehaffey (1859), 10 Ohio St. 204, 1859 WL 71;Mowen v. Kathe By Kathe (1991), Greene App. No. 90-CA-114, 1991 WL 227681. Constructive trusts have also been defined as "`[a] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.'" Univ. Hosps. of Cleveland, Inc. v. Lynch96 Ohio St.3d 118, 129-130, 772 N.E.2d 105. (citations omitted) There is no need for a written contract to pursue relief pursuant to a constructive trust theory.
 {¶ 25} Appellants have alleged that decedent and Lula Vaia made reciprocal wills under which, each left their estates to each other, with Michelle Vaia, Allyson Vaia and Christine Young named as the residual beneficiaries. This alleged estate plan was carried into execution when Lula Vaia died. Appellants allege in the complaint that the decedent changed her will, after Lula Vaia died, leaving nothing to appellants Michelle and Allison [Vaia]. In Count I, appellants allege that this change to the Will was made due to Young's exercise of undue influence over decedent and/or through fraud and/or duress.
 {¶ 26} We agree with appellants that, in essence, Count II states a claim for which a constructive trust could be imposed as a remedy. While we recognize that Count II is not artfully drafted and could be read to be a claim limited to breach of a contract to make a will, such a reading would be contrary to our standard of review of Civ. R. 12(B)(6) motion. In considering a Civ. R. 12(B)(6) motion, this court must draw all reasonable inferences in favor of the non-moving parties (the appellants). Thus, because we find that Count II can be read to state a claim that appellees obtained property which appellees ought not, in good equity and good conscience, hold and enjoy, we find that Count II should not have been dismissed pursuant to appellees' Civ. R. 12(B)(6) motion.
 {¶ 27} Accordingly, we sustain appellants' second assignment of error.
 {¶ 28} The judgment of the Licking County Court of Common Pleas, Probate Division is reversed. This matter is remanded for further proceedings.
Edwards, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Probate Division, is reversed. This matter is remanded for further proceedings. Costs assessed to appellees.
[1] Lula Vaia predeceased Marlene Mindenhall.
[2] The other plaintiffs, James L. Vaia, George Vaia and Daniel Vaia, were alleged to be parents and/or uncles of Michelle Vaia and Allyson Vaia and thereby aligned in interest. Pursuant to R.C. 2107.73, the complaint also named Betty Montgomery as a party.
[3] Civil Rule 12(B)(6) states as follows: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . ."
[4] The Kennedy Court had before it section 12079 of the General Code which stated as follows: "`A person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest its validity by a civil action in the common pleas court of the county in which such probate was had."