JOHNSON, APPELLANT, *v.* ST. LUKE'S HOSPITAL, APPELLEE.

(No. 42553—Decided June 11, 1981.)

*Mr. Leonard Davis,* for appellant.
*Mr. Albert J. Rhoa,* for appellee.

PATTON, P.J. Plaintiff-appellant Vera Johnson was treated in the emergency room of defendant-appellee St. Luke's Hospital on June 14, 15 and 16, 1977. On December 6, 1977, St. Luke's received a letter from Mrs. Johnson dated December 1, 1977. In the letter, Mrs. Johnson advised St. Luke's that she was seeking damages for the injuries she sus-

tained as the result of an improper injection administered in the hospital's emergency room. Mrs. Johnson took no further steps in pursuing her claim until June 1978. In a letter dated June 14, 1978 and received by St. Luke's on June 22, 1978, Mrs. Johnson again informed St. Luke's that she had sustained injuries as the result of the negligence of the hospital's employees.

On August 28, 1978, Mrs. Johnson filed a medical malpractice complaint against St. Luke's in the Court of Common Pleas of Cuyahoga County. St. Luke's timely answered and raised by way of its affirmative defense that the statute of limitations barred Mrs. Johnson's claim. Thereafter, St. Luke's moved for summary judgment on the basis that the statute of limitations had run. Its motion was granted, and it is from such adverse ruling that Mrs. Johnson has appealed.

I

In her first assignment of error, Mrs. Johnson states:

"The trial court erred in not requiring defendant to obtain leave of court before filing its proposed motion for summary judgment or in the alternative not requiring defendant to file the motion if leave to file was in fact given."

The record indicates that contrary to Mrs. Johnson's assertion, St. Luke's did, in fact, move for leave to file its motion for summary judgment and leave was granted.

Accordingly, the first assignment is overruled.

II

Mrs. Johnson's second assignment of error provides:

"In a malpractice action, deposit of the notice required in Ohio Revised Code Section 2305.11 in the mails within one year after the accrual of such action will extend the time necessary to bring said action for a period not to exceed 180 days from the date such notice is mailed."

The applicable statute of limitations in this case is R.C. 2305.11. It provides that an action for malpractice against a hospital must be brought within one year after the cause thereof accrues. This statute also provides:

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given."

Mrs. Johnson's claim accrued at the very latest on June 16, 1977, when the relationship between her and the hospital terminated. *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164 [54 O.O.2d 283]. Pursuant to R.C. 2305.11, she then had one year from that date to either file suit or send St. Luke's a notice of her intent to bring a claim. Mrs. Johnson maintains that by depositing her notice on June 14, 1978, she complied with the statute. Her contention is not well taken. The record reveals that Mrs. Johnson sent two notices to St. Luke's. The first was dated December 1, 1977 and was received by the hospital on December 6, 1977. The second was sent in June 1978. We find the December 1977 notice to be controlling and the June 1978 notice to be of no legal effect. R.C. 2305.11, by its very terms, provides for "*a* written *notice*" (emphasis added). Clearly, the statute does not contemplate the use of any more than one notice. A potential plaintiff cannot use this provision to send multiple notices to a prospective defendant in order to extend the statute of limitations. Once that plaintiff has sent his first notice, he has the choice of filing suit either within one hundred eighty days of the notice or within one year of the accrual of the action. Mrs. Johnson then had the option of commencing her suit within one year of the accrual

of the action (by June 16, 1978) or within one hundred eighty days of the written notice (by June 5, 1978).[1] She did neither. Accordingly, her claim is barred by R.C. 2305.11.

Even if the second notice was effective, Mrs. Johnson's claim would still be barred by the statute of limitations. As mentioned above, Mrs. Johnson's action accrued on June 16, 1977. She had one year to either file suit or give St. Luke's notice of her claim. Mrs. Johnson maintains that by mailing her notice on June 14, 1978, she complied with the statute. Her position would be well taken were we to hold that the giving of notice arises when the notice is placed in the United States mails. However, we adopt the position that the giving of notice by mail occurs when the mail is received by the person to whom it is sent. This view is in accord with *Lambert* v. *Sang Woo Ha* (App. 1979), 16 O. O. 3d 91.[2] St. Luke's did not receive Mrs. Johnson's notice until June 22, 1978, and notice was not effective until that date. Insofar as R.C. 2305.11 required notice to be given within one year (by June 16, 1978), Mrs. Johnson's notice was untimely and could not operate to extend the statute of limitations one hundred eighty days.

Accordingly, the second assignment of error is overruled.

### III

The third assignment of error reads:
"The trial court erred in granting defendant/appellee's motion for summary judgment as there was an issue of fact as to whether or not the notice was received prior to the running of the statute."

In her third assignment of error, Mrs. Johnson maintains that there existed questions of fact regarding the date upon which St. Luke's received her second notice which precluded the granting of a motion for summary judgment. Her assignment is not well taken because it is irrelevant upon what date the second notice was received. As stated above, the second notice was of no legal effect; the controlling notice was the first one.

The third assignment of error is overruled.

### IV

For her last assignment of error, Mrs. Johnson states:
"The trial court erred in failing to find that the defendant's conduct waived or estopped it from raising the defense of statute of limitations."

Mrs. Johnson argues that because St. Luke's counsel participated in pretrial proceedings, St. Luke's was estopped from raising in a motion for summary judgment its defense that the statute of limitations barred her claim. There is no merit to this assignment for two reasons. First, any evidence regarding pretrial negotiations between counsel for Mrs. Johnson and counsel for St. Luke's is not in the record before us, and we therefore cannot consider it. *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402 [8 O.O.3d 405]. Second, all St. Luke's was required to do to preserve its defense that the statute of limitations had run was to raise this defense in its answer or in a motion to dismiss if no answer had been filed. Civ. R. 8(C) and 12 (H). The record reveals that St. Luke's raised the defense that the statute of limitations had run in its

---

[1] The one hundred eighty days is to be computed from the date notice is received by the potential defendant. One hundred eighty days from December 6, 1977 was June 4, 1978; however, because June 4, 1978 fell on a Sunday, the statutory time was extended to June 5, 1978. See Civ. R. 6(A).

[2] We expressly reject *Gingerich* v. *Pokorny* (C.P. 1977), 50 Ohio Misc. 1 [4 O.O.3d 32], which held that the notice provision of R.C. 2305.11 was satisfied upon deposit of the proper notice in the United States mails within the time provided.

answer. Therefore, St. Luke's cannot be found to have waived or be estopped from raising this defense.

Accordingly, the final assignment of error is overruled.

*Judgment affirmed.*

PARRINO and CELEBREZZE, JJ., concur.