**BUTLER, Appellant,**

v.

**PASLEY, Appellee.**

[Cite as *Butler v. Pasley* (1994), 95 Ohio App.3d 180.]

Court of Appeals of Ohio,
Licking County.

No. 93 CA 00112.

Decided June 3, 1994.

*Steven M. Goldberg* and *Martin S. Goldberg,* for appellant.

*Patrick F. Smith,* for appellee.

FARMER, Judge.

On October 4, 1991, appellee, Dr. Larry N. Pasley, performed a laparoscopic cholecystectomy on appellant, Peggy Elizabeth Butler. On October 8, 1991, appellant was readmitted with complaints of increasing abdominal pain. On same date, appellee performed a surgical repair on appellant. Appellant was discharged on October 12, 1991. The last date appellee provided medical treatment to appellant was November 14, 1991.

On February 27, 1992, appellant sent a letter to appellee informing him that she "is presently considering bringing an action against you relating to professional services provided by you." On October 12, 1992, appellant sent a second letter to appellee informing him that pursuant to R.C. 2305.11(A), she "is considering bringing an action against you relating to the professional services provided by your hospital."

On March 19, 1993, appellant filed a medical malpractice complaint against appellee. On June 30, 1993, appellee filed a motion to dismiss for failure to comply with the applicable statute of limitations. By judgment entry dated September 14, 1993, the trial court granted the motion and dismissed appellant's complaint.

Appellant timely filed a notice of appeal and this matter is now before this court for consideration.

The assignment of error is as follows:

"The trial court erred to the prejudice of plaintiff in sustaining the defendant's motion to dismiss plaintiff's complaint."

Appellant claims that the trial court erred in sustaining appellee's motion to dismiss for failure to file within the applicable statute of limitations. We agree.

R.C. 2305.11 sets forth the statute of limitations in medical claims. Medical claims "shall be commenced within one year after the cause of action accrued * * *." However, under R.C. 2305.11(B)(1), the statute of limitations may be extended up to one hundred eighty days:

"Subject to division (B)(2) of this section, an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the

action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is given."

Under *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, the statute of limitations ran on November 14, 1992, one year from the date when the physician/patient relationship terminated. The trial court found that the letter sent on February 27, 1992 was the one-hundred-eighty-day extension letter defined by R.C. 2305.11(B)(1). The trial court rejected appellant's position that the letter sent on October 12, 1992 was the R.C. 2305.11(B)(1) notice letter.

It is agreed by all that a one-hundred-eighty-day letter sent earlier than six months from the running of the statute of limitations does not shorten the statute of limitations. In other words, the February 27, 1992 letter did not affect the statute of limitations date of November 14, 1992. We concur with the trial court's finding that the February 27, 1992 letter was notice as contemplated by the statute. However, we disagree with the trial court's finding that the October 12, 1992 letter had no effect. The trial court relied on *Johnson v. St. Luke's Hosp.* (1981), 2 Ohio App.3d 427, 2 OBR 521, 442 N.E.2d 768, a 1981 Cuyahoga County Court of Appeals case before the 1992 amendment to R.C. 2305.11. The *Johnson* case, at 428, 2 OBR at 522, 442 N.E.2d at 770, in interpreting the statute, held "by its very terms, provides for 'a written *notice.*'" (Emphasis *sic.*) The statute now provides for "written notice" with no "a" or "the" included. Therefore, we conclude in cases such as the case *sub judice*, where premature notice is sent which has no effect on the one-year statute of limitations, that a timely second written notice extends the statute of limitations one hundred eighty days from that second notice.

The sole assignment of error is sustained.

The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN, P.J., and READER, J., concur.