WOODS et al., Appellants,

v.

DUTTA et al., Appellees.

[Cite as *Woods v. Dutta* (1997), 119 Ohio App.3d 228.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 96CA784.

Decided April 18, 1997.

*Green & Lucks Co., L.P.A.*, and *Jan M. Long*, for appellants.

*Hammond Law Office* and *Gary W. Hammond*, for appellee, Nirmal K. Dutta.

*Jacobson, Maynard, Tuchsman & Kalur, Karen L. Clouse* and *Bobbie S. Morelan*, for appellee, Oak Hill Community Medical Center.

Stephenson, Presiding Judge.

This is an appeal from the May 17, 1996 judgment entry of the Court of Common Pleas of Jackson County, granting summary judgment against Jean A. and David Woods, plaintiffs below and appellants herein. The following errors are assigned for our review:

I. "The trial court erred when it awarded summary judgment in favor of appellees and against appellants when there was a genuine issue of material fact."

II. "The trial court erred when it gave greater preference to a regular U.S. mail letter as opposed to a certified mail letter sent pursuant to R.C. 2305.11(B)(1)."

The record reveals the following facts pertinent to this appeal. On October 20, 1993, appellant, Jean Woods, was admitted to appellee, Oak Hill Community Medical Center ("Oak Hill") for a cholecystectomy. Appellee, Nirmal K. Dutta, M.D., performed the procedure on the day of admission and discharged appellant six days later, on October 26, 1993. Following her release from the Oak Hill, appellant experienced severe nausea, vomiting, and abdominal distension and pain. As a result, appellant sought treatment at Holzer Hospital, where she was again hospitalized on November 8, 1993. A common hepatic duct perforation was discovered and was surgically repaired on November 9, 1993. Appellant was released from Holzer Hospital on December 4, 1993.

On September 19, 1994, appellants mailed R.C. 2305.11(B)(1) notices to both appellees, apprising them that appellant, Jean A. Woods, was considering bringing an action against them relating to their rendering of professional services. These notice letters were sent via regular mail. Neither appellee recorded the date of receipt. On September 27, 1994, appellants mailed a second set of R.C. 2305.11(B)(1) notices to appellees via certified mail. Return receipts reflect receipt of the second set of notices on September 29, 1994.

On March 27, 1995, appellants filed a medical negligence action against appellees in the Court of Common Pleas of Jackson County. Appellees moved for summary judgment pursuant to Civ.R. 56, arguing that appellants' claims are barred by the statute of limitations because the action was not commenced within one hundred eighty days of appellees' receipt of the September 19, 1994 notice letters. On April 19, 1996, the trial court issued decisions finding each appellee's motion well taken, and on May 17, 1996, summary judgment was entered against appellants. Appellants filed notice of the instant appeal on June 5, 1996, asserting the above-enumerated assignments of error.[1]

---

1. Appellants argued before the trial court that summary judgment is inappropriate because their cause of action did not accrue, and thus the one-year statute of limitations did not

We will, for the sake of clarity, address appellants' assignments of error in reverse order, beginning with appellants' argument that the trial court erred in giving preference to the first set of one–hundred–eighty–day notices. The notices at issue were given pursuant to R.C. 2305.11(B)(1), which provides:

"[A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrues, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given."

At least two courts before us have been faced with resolving the issue of successive notices given pursuant to this section. In *Johnson v. St. Luke's Hosp.* (1981), 2 Ohio App.3d 427, 2 OBR 521, 442 N.E.2d 768, the plaintiff gave two notices, nearly six months apart. The Eighth District Court of Appeals held that the first notice controlled and that the subsequent notice was of no legal effect. In so holding, the court stated:

"R.C. 2305.11, by its very terms, provides for 'a written notice.' Clearly, the statute does not contemplate the use of any more than one notice. A potential plaintiff cannot use this provision to send multiple notices to a prospective defendant in order to extend the statute of limitations. Once that plaintiff has sent his first notice, he has the choice of filing suit either within one hundred eighty days of the notice or within one year of the accrual of the action." (Emphasis *sic.*) *Id.* at 428, 2 OBR at 522, 442 N.E.2d at 770.

More recently, the Fifth District Court of Appeals addressed this issue, reaching a different conclusion. In *Butler v. Pasley* (1994), 95 Ohio App.3d 180, 642 N.E.2d 19, the plaintiff gave notice when more than one hundred eighty days remained in the original one–year statute of limitations period. A second notice was given just prior to the expiration of the one–year statutory period, and a complaint was filed approximately five months later. The trial court, relying on *Johnson,* found that the second notice had no effect and granted the defendant's motion to dismiss for failure to comply with the statute of limitations. On appeal, the Fifth District Court of Appeals reversed, holding that "where premature notice is sent which has no effect on the one-year statute of limitations, * * * a

commence to run, until August 31, 1994, when their counsel received a medical opinion stating that a negligent event had probably occurred. Appellants have apparently decided to abandon this argument, not having raised it on appeal.

timely second written notice extends the statute of limitations one hundred eighty days from that second notice."[2] *Butler,* 95 Ohio App.3d at 182, 642 N.E.2d at 20.

Very recently, in *Leftwich v. Martelino* (1997), 117 Ohio App.3d 405, 690 N.E.2d 932, this court discussed a premature filing under R.C. 2305.11(B)(1), as follows:

"[A]lthough R.C. 2305.11(B)(1) provides that the action may be commenced within the one-hundred-eighty-day period after the notice is given, we do not interpret this to mean that [appellant] was required to file her suit within this period if the statute of limitations would not yet have expired after the one hundred eighty days. We do not believe that the General Assembly intended the notice provision to limit the one-year statute of limitations period."

In *Leftwich,* we concluded only that a premature R.C. 2305.11(B)(1) notice does not operate to shorten the one–year statute of limitations. We did not, like *Johnson* and *Butler,* address the issue of multiple R.C. 2305.11(B)(1) notices.

■ In addressing the issue now, we first note that the one–hundred–eighty-day periods in the *Leftwich* and the initial *Butler* notices were wholly subsumed within the original one–year statute of limitations,[3] whereas in the instant case, the initial set of notices effectively extended the statute of limitations. Thus, neither *Leftwich* nor *Butler* supports a conclusion that appellants are entitled, in this case, to successive bites of the proverbial apple. Moreover, we note that while *Butler* distinguished *Johnson* on the basis of amended statutory language, see 95 Ohio App.3d at 182, 642 N.E.2d at 20, fn. 2, *Butler* still expressly limited its holding to instances of premature, ineffective first notices, implying that mature, effective notices would bar subsequent ones, amended language notwithstanding.

■ Furthermore, R.C. 2305.11(B)(1), as amended, provides "that action may be commenced against the person notified at any time within one hundred eighty days after *the notice* is * * * given."[4] (Emphasis added.) We believe that the

---

**2.** In reaching its decision, the court acknowledged *Johnson,* but observed that the statutory language "a written notice," which was relied on by the *Johnson* court, had since been amended to provide for "written notice," with no "a" or "the" included.

**3.** We note that the one hundred eighty days encompassed in the initial notice in *Johnson* were also subsumed within the one–year statute of limitations. *Johnson,* however, unlike *Butler,* made no distinction between initial notices which are premature and those which are not.

**4.** Am.Sub.H.B. No. 327, 142 Ohio Laws, Part II, 3322, amended R.C. 2305.11 "to make changes in the law relative to civil actions that involve medical, dental, optometric, and chiropractic claims and immunity for nonprofit hospital volunteers." Prior to amendment, the statute provided:

language of the statute, as amended, evidences a legislative intent that a single, effective notice be given as opposed to multiple ones.[5]

Finally, we reject appellants' assertion that the manner of service adopted by appellants affects in any way our resolution of this issue. We agree with appellants that certified mail would have been preferable to regular mail, for reasons made painfully clear herein. However, the trial court did not err in failing to "prefer" the later notices because they were served by certified mail. First, the statute does not specify that service of notice is to be accomplished by certified mail. Second, this court is not inclined to "prefer and accept" the second set of notices merely because proof of receipt is more readily available to appellants. Third, appellants chose the method of service, and it is appellants who must bear the risk if that method proves to be inadequate. Appellants could easily have overcome any difficulties engendered by their choice of regular mail service simply by filing their complaint within one hundred eighty days of the date of mailing. They did not do so.

Accordingly, the trial court did not err in "giving greater preference" to the September 19, 1994 notices. Appellants' second assignment of error is overruled.

Having concluded that the September 19, 1994 notices are controlling, we now turn to appellants' first assignment of error, in which appellants contend that the trial court erred in granting summary judgment. The court erred in granting summary judgment, appellants argue, because a genuine issue of material fact exists as to when the appellees received the September 19, 1994 R.C. 2305.11(B)(1) notices, and thus, as to whether appellants' complaint was timely filed.

We begin by noting that we review summary judgments *de novo*. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327, 1328–1329; *Doner v. Snapp* (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 43–44; *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272. We afford no deference to the trial court's decision, see *Tardy v. Norfolk S. Corp.* (1995), 103 Ohio App.3d 372, 379, 659 N.E.2d 817, 821; *Oiler v. Willke* (1994), 95 Ohio App.3d 404, 407, 642 N.E.2d 667, 669; *Shepherd v. United Parcel Serv.* (1992), 84 Ohio App.3d 634, 641, 617 N.E.2d 1152, 1156–1157, conducting our own

---

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given."

5. We expressly decline to render an opinion as to whether a premature, ineffective notice precludes a subsequent notice under R.C. 2305.11(B)(1). Thus, our opinion should not be construed as either an endorsement or a rejection of the *Butler* opinion.

independent review to determine if summary judgment was appropriate. *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317, 320; *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11–12; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 139, 601 N.E.2d 515, 518–519. Summary judgment under Civ.R. 56 is deemed appropriate when the movant demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party, that party being entitled to have the evidence construed most strongly in his favor. See, generally, *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, at paragraph three of the syllabus; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48. The party moving for summary judgment under Civ. R. 56 bears the initial burden of informing the trial court of the basis for the motion, and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Once the moving party satisfies this burden, the nonmoving party may not simply rely upon the allegations or denials in his pleadings, but must then set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). If the nonmoving party fails to so respond, summary judgment shall be entered against him. *Id.; Dresher v. Burt,* 75 Ohio St.3d at 293, 662 N.E.2d at 273–274.

 In the instant case, appellees moved for summary judgment, arguing that appellants' complaint was filed more than one hundred eighty days after receipt of appellants' September 19, 1994 notice.[6] The record reflects that the complaint in this matter was filed on March 27, 1995. Therefore, in order for the complaint to have been timely filed, *i.e.,* within one hundred eighty days of appellees' receipt of notice, notice would have to have been received no earlier than September 27, 1994.[7]

In support of their respective motions, each appellee submitted copies of appellants' September 19, 1994 and September 27, 1994 notices. Additionally,

---

**6.** The one–hundred–eighty–day period under R.C. 2305.11(B)(1) commences to run from the date notice is received. *Edens v. Barberton Family Practice* (1989), 43 Ohio St.3d 176, 539 N.E.2d 1124.

**7.** March 27, 1995 fell on a Monday. Therefore, we give appellants the benefit of the doubt and assume that the statute of limitations would have expired on Saturday, March 25, 1995, giving appellants until the following Monday, March 27, 1995, to file their complaint. If we calculate the time from Monday, March 27, 1995, appellants' notices would have to have been received no earlier than September 29, 1994 in order for the complaint to be timely.

Dr. Dutta submitted his own affidavit, and Oak Hill Hospital submitted the affidavit of Robert Bowers, Oak Hill's CEO. Both affidavits contained the following provision:

"4. I have no reason to believe that the letter dated September 19, 1994, was not received within the standard two to three day delivery required of the U.S. Postal System and in any event was not received any later than September 24, 1994."

█ The evidentiary materials submitted by appellees, albeit indefinite as to the precise date of receipt of notice, placed each appellee's receipt of notice at least three days earlier than the date necessary to render appellants' complaint timely. The burden thus shifted to appellants to respond with specific facts showing the existence of a genuine issue of material fact regarding appellees' receipt of notice.

In an effort to satisfy this burden, appellants submitted deposition testimony of Dutta and Bowers. Appellants also submitted the affidavit of Eleanor W. Skaggs, along with a "letter to the editor" authored by Skaggs. A thorough review of these submissions, as well as a review of the entire record, pursuant to Civ.R. 56(C), leads to the inescapable conclusion that appellants failed to set forth specific facts showing a genuine material issue for trial.

The materials submitted by appellants show that Dutta specifically recalls receiving the September 19, 1994 notice letter on Wednesday, his day off, the week before he received the certified notice. This would have been September 21, 1994. Bowers, on the other hand, does not recall the exact day he received the September 19, 1994 notice letter, but recalls receiving the letter the week before he received the certified copy, which means that he would have received the letter no later than Friday, September 23, 1994. Skaggs, whose affidavit and letter were submitted, is, in the words of appellants, "a disgruntled U.S. citizen, who has suffered the delays of the U.S. Postal system," whose affidavit "certainly raises questions of fact about the timeliness of delivery by the U.S. Post Office in Circleville." The instances of mail delay outlined in the Skaggs submissions occurred during holiday periods and were temporally distant from the mailings in the instant case. They are of little, or no, probative value.

Clearly, the deposition testimony of Dutta and Bowers, relied upon by appellants, places both appellees' receipt of notice, at the latest, well before September 27, 1994, the date necessary to render appellants' complaint timely.[8] And, while there may be a question of fact regarding the precise date on which Oak Hill

---

8. Contrary to appellants' contentions, we do not find either Dr. Dutta's or Mr. Bowers's deposition testimony so inconsistent with their prior affidavits as to render them incredible.

received notice, that question is not a "material" one. A genuine issue of fact is "material" if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212. The question whether appellees received notice on September 19, 20, 21, 22, 23 or 24 could have no effect on the statute of limitations analysis, and is thus not a genuine issue of material fact which would preclude summary judgment.

■ Appellants have simply advanced no evidence whatsoever that even suggests that appellees received notice later than the week ending September 24, 1994. Thus, in order to find appellants' complaint timely, a finder of fact would have to presume that the notices took eight days or more to reach their destination. While a court may, in appropriate circumstances, indulge in a presumption of timely delivery, see *Young v. Bd. of Review* (1967), 9 Ohio App.2d 25, 38 O.O.2d 36, 222 N.E.2d 789; *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, we will not presume untimely delivery, especially in light of the above and the uncontested fact that appellants' September 27, 1994 set of certified notices were received by both appellees in a mere two days.

In short, appellants have set forth no facts showing that there is a genuine issue of material fact as to whether appellees received appellants' September 19, 1994 notice within a period which would render appellants' complaint timely. Reasonable minds can come to but one conclusion: that appellants' complaint was not filed within the statutory period. Accordingly, appellants' first assignment of error is overruled.

Having considered the errors assigned and argued in the briefs and finding none to be of merit, we affirm the decision of the lower court.

*Judgment affirmed.*

HARSHA and PETER B. ABELE, JJ., concur.