This appeal examines the effect of successive 180 day medical malpractice notice letters, one sent on January 12, 1995 and the other sent of March 13, 1995. Both letters informed appellee Eric D. Smith that appellant Flori Gutierrez intended to sue him for injuries she sustained while receiving dental treatment from him on May 3, 1994. Appellant filed her lawsuit on August 22, 1995.
The issue in this appeal is whether, under R.C. 2305.11(B), a 180 day notice letter is effective to further extend the one year statute of limitations for a medical malpractice action when the statutory time period has already been extended by an earlier notice letter. In a previous case, this court held that when both letters are received before the end of the original one year period, the statute of limitations does not bar prosecution of an action filed within 180 days of the last letter. Marshall v. Ortega (Oct. 8, 1998), Cuyahoga App. No. 72096, unreported. Consequently, we conclude that the March 13, 1995 letter is controlling and Gutierrez had until September 13, 1995 to file her complaint. Since Gutierrez filed her complaint on August 22, 1995, she is not time barred. Accordingly, the following assigned error is sustained:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN THE COURT HELD THAT A LETTER OF REPRESENTATION SENT TO A DENTIST OPERATED AS A 180 DAY NOTICE UNDER OHIO REVISED CODE SECTION 2305.11(B) FOR PURPOSES OF CALCULATING THE DENTAL MALPRACTICE STATUTE OF LIMITATIONS.
Having reviewed the record and the legal arguments of the parties, we reverse the decision below and remand the case to the trial court for further proceedings. The apposite facts follow.
On August 22, 1995, Flori Gutierrez filed a medical malpractice complaint against her dentist, Eric Smith, for injuries she suffered while having dental work performed. Gutierrez was injured on May 3, 1994 when she suffered an adverse reaction to anesthesia administered by Smith before he cleaned and filled Gutierrez's teeth. Flori's husband, Guillermo, also brought a loss of consortium claim. The complaint sought $390,000 in damages.
In his answer filed September 27, 1995, Smith denied the allegations of Gutierrez's complaint and asserted the defenses of failure to state a claim upon which relief may be granted and failure to join an indispensable party. He also reserved the right to assert additional defenses including an allegation that Gutierrez's action was barred by the applicable statute of limitations.
On April 26, 1996, Smith filed a motion for summary judgment in which he argued that Gutierrez's claims were barred by the one year statute of limitations set forth in R.C. 2305.11 (B) (1). Smith argued that Gutierrez's cause of action accrued on May 17, 1994 when she contacted an attorney about problems with her dental treatment. Smith alleged that Gutierrez admitted in her deposition that she contacted an attorney because she felt Smith had done something wrong. Accordingly, Smith argued that Gutierrez had to file her complaint or her 180 day notification letter before May 17, 1995. On January 12, 1995, Gutierrez's attorney sent a letter to Smith by regular mail which read:
 Please be advised that our office is contemplating bringing a possible medical malpractice action against you resulting from your care and treatment of our client, Flori Gutierrez.
 We would appreciate your having your insurance carrier contact our office so that we may discuss this matter with them.
 Thanking you for your cooperation and waiting to hear from your carrier * * * [signature]
A second letter was sent by certified mail on March 13, 1995.
It read:
 Please be advised that pursuant to Ohio Revised Code Section 2305.11(B), you are hereby being served with notice that Flori Gutierrez is contemplating bringing an action for medical/dental malpractice against you relating to your care and treatment of her.
 Please be advised that pursuant to said statute, Flori Gutierrez will have 180 days from the date you receive this notice in which she may bring an action against you for medical/dental malpractice.
 You will be notified of any further developments within 180 days of receipt of this letter. * * * [signature]
Smith argued that the first letter mailed on January 12, 1995 constituted the statutory 180 day notice letter, which extended the time for filing the complaint until July 12, 1995. CitingJohnson v. St. Luke's Hospital (1981), 2 Ohio App.3d 427, Smith argued that the second letter had no legal effect because the complaint was not filed until August 22, 1995. Smith argued Gutierrez's claim was barred by the statute of limitations.
In her response to the summary judgment motion, Gutierrez claimed that the January 12, 1995 letter was not a 180 day notice letter under R.C. 2305.11(B) but was merely a letter of representation seeking informal resolution of the dispute. Citing Butler v. Pasley (1994), 95 Ohio App.3d 180, she argued that, even if the first letter is viewed as a 180 day notification, the second notice controls when more than one statutory notice is sent.
On August 19, 1996, Smith's motion for summary judgment was denied by Judge Carl Character. Sometime thereafter, the case was transferred to Judge Eileen Gallagher. On March 17, 1997, Smith filed a motion for reconsideration. Judge Gallagher denied the motion on April 1, 1997. A pretrial was held on April 2, 1997. On the following day, April 3, 1997, Judge Gallagher issued a nunc pro tunc entry as of and for April 1, 1997 that granted Smith's motion for reconsideration and granted his motion for summary judgment. On June 9, 1997, Judge Gallagher issued another journal entry granting Smith's motion for summary judgment. This appeal followed.
Our determination of this appeal depends upon a determination of the impact of the letters sent to Smith by Gutierrez. R.C.2305.11(B)(1) provides:
 * * * [A]n action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of the claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.
"The purpose of [R.C. 2305.11(B)] is to decrease the likelihood of frivolous medical malpractice claims by allowing parties and their attorney additional time to investigate a potential claim which is brought to their attention shortly before the one-year statute of limitations expires." Edens v.Barberton Area Family Practice Ctr. (1989) 43 Ohio St.3d 176,177-178 (citations omitted.)
It has been held that a 180 day notice must be sent before the expiration of the original statute of limitations in order to extend the time for filing the complaint. Day v. MacDonald
(1990), 67 Ohio App.3d 240, 249. However, a 180 day notice sent more than 180 days prior to the expiration of the original statute of limitations has been held to be without legal effect.
 It is agreed by all that a one-hundred-eighty-day letter sent earlier than six months from the running of the statute of limitations does not shorten the statute of limitations. * * * [W]here premature notice is sent which has no effect on the one-year statute of limitations, [we conclude] that a timely second written notice extends the statute of limitations one hundred eighty days from that second notice.
Butler at 182.
In this case, both letters were sent less than six months prior to the expirations of the original statute of limitations. In determining whether a letter constitutes the 180 day notice contemplated by R.C. 2305.11(B), we must look to the language of the letter itself rather than to extrinsic evidence. DeTray v. Mt. Carmel Health (April 17, 1997), Franklin App. No. 96APE08-1010, unreported, appeal dismissed (1997), 80 Ohio St.3d 1408. The notice must specifically state that an action is presently being considered. Schrader v.Gillette (1988), 48 Ohio App.3d 181, 183 [citing Rowe v. Bliss
(1980), 68 Ohio App.2d 247, 250; Kulow v. Crago (1995),103 Ohio App.3d 138, 140, appeal dismissed (1995), 73 Ohio St.3d 1450.
The January 12, 1995 letter stated that "Flori Gutierrez is contemplating bringing an action for medical/dental malpractice against you * * * *." The language of the letter clearly suffices to make it a 180 day notice letter. Gutierrez argues, in part, that the January 12, 1995 letter was a letter of representation which sought informal resolution of the dispute. She also points out that the January 12, 1995 letter did not refer to R.C. 2305.11(B). However, the statute does not require such a reference. See R.C. 2305.11(B); Kline v. Felix
(1991), 81 Ohio App.3d 36, 41, jurisdictional motions overruled (1991), 62 Ohio St.3d 1447. Accordingly, because the language of the January 12, 1995 letter indicated that an action was presently being considered, the letter was a 180 day notice letter under R.C. 2305.11(B).
The second letter also met the requirements of a R.C.2305.11(B) 180 day notice letter. This court addressed the issue of the effectiveness of successive 180 day notice letters in Marshall v. Ortega, supra. In Marshall, we held that "where a claimant timely sends more than one statutory notice of intent to sue in accordance with R.C. 2305.11, the statute of limitations does not bar prosecution of an action for medical malpractice commenced within 180 days of the latest of those notices."
It is undisputed that a 180 day notice letter is effective upon receipt. The second notice was mailed on March 13, 1995. Though the record is unclear when the second notice was received by Smith, Smith did not argue that he did not receive the second letter. Accordingly, Gutierrez had at least until September 13, 1995 to file her complaint. Because her complaint was filed August 22, 1995, it was timely filed. Therefore, we conclude the trial court erred in granting Smith's motion for summary judgment. This case is hereby reversed and remanded to the trial court for further proceedings.
Judgment reversed and remanded.
This cause is reversed and Remanded.
It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
TIMOTHY F. McMONAGLE, J., and LEO M. SPELLACY, J., CONCUR.
 _______________________________ PATRICIA ANN BLACKMON ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct. Prac. R. II, Section 2(A)(1).