[Cite as *Universal One Credit Union, Inc. v. Bethel*, 2012-Ohio-1934.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| UNIVERSAL ONE CREDIT UNION, INC., | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3222 |
| | : | |
| vs. | : | **Released: April 26, 2012** |
| | : | |
| THELMA BETHEL and | : | DECISION AND JUDGMENT |
| GREGORY MOORE | : | ENTRY |
| Defendants-Appellants. | : | |

APPEARANCES:

Joseph P. Sulzer, Chillicothe, Ohio, for Appellants.

Stephen D. Miles and Vincent A. Lewis, Dayton, Ohio, for Appellee.

McFarland, J.:

{¶1} Appellants Thelma Bethel and Gregory Moore appeal the trial court's decision entering summary judgment against them for breach of a loan agreement. Appellants argue the trial court abused its discretion when it entered summary judgment against them. Having reviewed the record, we agree with the trial court's judgment and overrule Appellants' sole assignment of error. As such, we affirm the trial court's judgment.

FACTS

{¶2} On June 27, 2009, Appellants obtained a loan from Appellee Universal One Credit Union, Inc. ("Universal"), borrowing $24,638.75 to purchase a 2005

Ford F-250 truck, in which Universal retained a security interest. In the summer of 2010, Appellants began to miss payments, causing the balance to increase. In response, Universal repossessed the vehicle and sold it at public auction. Universal subsequently credited Appellants' account with $8,333.28. The remaining deficiency balance, as of September 30, 2010, was $15,812.44.

{¶3} Universal filed its complaint to recoup the deficiency balance. After approximately two months, Universal requested leave to file a motion for summary judgment and tendered a motion for summary judgment. Appellants filed a responsive memorandum. While captioned as a memorandum contra Universal's motion for summary judgment, Appellants' memorandum actually requested the court deny Universal leave to file its motion for summary judgment, and did not include any argument addressing Universal's actual motion for summary judgment. Appellants alleged they intended to conduct discovery and the court should accordingly deny Universal leave to file a motion for summary judgment.

{¶4} In the trial court's decision, it first noted there was no trial or pretrial set in the matter and Universal did not need to obtain leave to file its motion for summary judgment. Thus, it considered Universal's tendered motion for summary judgment filed.

{¶5} The trial court then considered Appellants' memorandum contra as a request for additional time to conduct discovery and respond to Universal's motion

under Civ.R. 56(F). However, because Appellants attached no affidavit to their memorandum, the court was unable to properly consider such request.

{¶6} Finally, the trial court turned to the merits of Universal's motion for summary judgment. Universal had attached a copy of the signed loan agreement to its complaint. Universal then attached an affidavit from Universal's Division Manager, who averred Appellants were in default and stated the amount due, based upon periodic account statements he incorporated by reference. Finding no genuine issues of material fact and finding Universal was entitled to judgment as a matter of law, the trial court granted summary judgment to Universal. Appellants now appeal.

ASSIGNMENT OF ERROR

I.      "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF-APPELLEE."

Standard of Review

{¶7} "Appellate courts review summary judgments de novo." *Wells Fargo v. Phillabaum*, 4th Dist. No. 10CA10, 2011-Ohio-1311, at ¶ 7, citing *Broadnax v. Greene Credit Service* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167 and *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327. "In other words, we afford no deference whatsoever to a trial court's decision, and, instead, conduct our own independent review to determine if summary judgment is

appropriate." *Wells Fargo* at ¶ 7, citing *Woods v. Dutta* (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18 and *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279.

{¶8} "Summary judgment is appropriate only when (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to judgment as a matter of law." *Greene v. Seal Twp. Bd. of Trustees*, 194 Ohio App.3d 45, 2011-Ohio-1392, 954 N.E.2d 1216, ¶9 (4th Dist.). citing *Doe v. Shaffer,* 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243, *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, and Civ.R. 56(C).

{¶9} "The party moving for summary judgment has the initial burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Greene* at ¶ 10, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. "The moving party must inform the trial court of the basis of the motion and must identify those portions of the record that demonstrate the absence of a material fact." Id., citing *Dresher* at 293. "If the moving party satisfies its initial burden, the nonmoving party then has the reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. If the nonmovant does not satisfy this evidentiary

burden and the movant is entitled to judgment as a matter of law, the court should enter a summary judgment accordingly." Id., citing *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308, citing *Dresher* at 295.

Legal Analysis

{¶10} Preliminarily, we note the trial court was correct Universal did not need to obtain leave to file its motion for summary judgment, as no trial or pretrial date was established. Civ.R. 56(A). Further, the trial court used its discretion in reviewing Appellants' memorandum under Civ.R. 56(F). While the trial court could have summarily overruled Appellants' memorandum contra as moot, it looked to Civ.R. 56(F) to see if it could construe the memorandum in Appellants' favor. The court could not. Thus the trial court was correct to proceed to the merits of Universal's motion for summary judgment.

{¶11} "A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach." *Osbourne v. Ahern*, 4th Dist. No. 05CA9, 2005-Ohio-6517, at ¶ 21, citing *Conley v. Willis* (June 14, 2001), 4th Dist. No. 00CA2746, citing *Garofalo v. Chicago Title Ins. Co.* (1995), 104 Ohio App.3d 95, 108, 661 N.E.2d 218.

{¶12} Here, there were no genuine issues of material fact and Universal demonstrated it was entitled to judgment as a matter of law. Universal's complaint included the loan agreement Appellants jointly signed: the contract. Universal then attached an affidavit and supporting account statements to its motion for summary judgment demonstrating Appellants' breach of the contract by failing to make timely payments. Appellants offered no legal excuse for their failure to pay. Finally, the supporting account statements established the amount due, or Universal's damages. Thus, Universal demonstrated it was entitled to judgment as a matter of law. Appellants offered no argument or evidence to the contrary.

{¶13} Therefore, we overrule Appellants' assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs with Judgment and Opinion.
Abele, P.J.: Dissents.

For the Court,

BY:    _____
           Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**